THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY v. W. RIERSON.

1. CATTLE-GUARD; *Time of the Essence of Agreement to Construct.* A judgment for damages and costs was recovered against a railway company for failing to construct a cattle-guard where the railway enters the premises of the judgment creditor, and when the judgment was recovered the company agreed to end the litigation, and also to put in the cattle-guard, and to pay the judgment less a stated sum within thirty days; in which event, the judgment creditor was to accept the sum so agreed on in full payment of the judgment and costs. *Held,* That the time within which the cattle-guard was to be constructed and the payment to be made were the important elements of the agreement, and that as the company failed to comply with these conditions, the judgment creditor was at liberty to enforce by execution the full payment of the judgment as rendered.

2. ———— A proceeding in error is not deemed to be commenced by the mere filing of a petition in error.

3. EXECUTION, *When Not Quashed.* An execution which on its face commands the officer to make the full amount of the judgment rendered when a payment had been made thereon, will not for that reason be quashed where the payment made is credited on the back of the execution.

*Error from Greenwood District Court.*

PROCEEDING in error for the reversal of an order overruling a motion to quash an execution.   *W. Rierson* brought an action against *The St. Louis & San Francisco Railway Company* to recover damages sustained by reason of the failure of the railway company to construct a cattle-guard where the railway entered his premises; and on December 10, 1884, he recovered a judgment of $144.30 as damages, and his costs, taxed at $118.   The parties then entered into a contract by the terms of which the railway company agreed to pay Rierson the judgment in full, and all of the costs, except $37.50, within thirty days thereafter; and the railway company further agreed to put in a suitable cattle-guard where the railway entered Rierson's premises, within the same length of time; and also agreed that the case should not be taken to the supreme court.   The railway company did not put in the cattle-guard within thirty days, nor until April 16, 1885.   On the 9th day of February, 1885, the railway company had not paid any portion of the judgment, and Rierson caused an execution to issue in due form to the sheriff of the county, which was received by him.   Soon after the execution was received, the railway company filed a transcript of the judgment in the cause in the supreme court, but directed that no summons in error should issue.   Some months after that, Rierson, by his counsel, appeared and had the case docketed and dismissed, the railway company not resisting the motion therefor.   On March 2, 1885, the railway company paid to the sheriff $225.05, which was sufficient to pay all of said judgment and costs except the sum of $37.50.   The sheriff delivered the money so received to the clerk, and the same was applied to the costs in said action, and the remaining portion thereof was paid to Rierson, to wit, $85.09.   On March 31, 1886, the plaintiff caused an *alias* execution to be issued to the sheriff commanding him to collect the judgment and costs.   The execution was regular on its face, and it commanded the officer to make the full amount of the judgment and costs without

reciting any payment; but upon the back of the execution there were indorsed the words, " Credit $225.05, March 2, 1885." On the 10th day of April, 1885, and while the sheriff had the *alias* execution in his hands, the defendant filed in the district court a motion to quash and set aside the execution upon the grounds: first, that the judgment had been fully paid and discharged by the railway company prior to the issuance of the execution; second, because the execution was issued without authority of law, and is void; third, because there is no judgment existing against said defendant in favor of the plaintiff as a basis of said execution. The motion was heard on the 27th day of May, 1885, and overruled; to which ruling of the court the defendant excepted, and has brought the case to this court.

*John O'Day*, and *E. D. Kenna*, for plaintiff in error.

*D. B. Fuller*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: None of the grounds upon which the motion to quash was based are sufficient. The so-called compromise agreement was a conditional one. Rierson agreed to remit $37.50 of the judgment which he had recovered, provided the railway company paid the balance of the judgment within thirty days, and constructed a cattle-guard within the same period. The failure of the company to build the cattle-guard and thus complete the inclosure of defendant in error, caused the damage upon which the judgment was founded. From the nature of things, the time of payment and of the construction of the cattle-guard, were the important elements of the agreement, but the company failed in respect to both. The judgment and costs less the $37.50 was not paid in thirty days, nor until an execution had been issued, and the payment was then made to the officer who held the execution. The cattle-guard was not constructed at the time agreed upon, nor had it been built when the *alias* execution was issued and the motion to quash was filed. The company having failed to

observe these conditions, it was proper for Rierson to enforce the judgment as rendered.

The action of counsel for Rierson in causing the petition in error which said railway company had filed in the supreme court to be dismissed is of no consequence, and is not a waiver of the non-compliance of the railway company with the conditions imposed. No proceeding in error was actually instituted. To commence the proceeding a summons should have been issued, or a waiver of summons filed. No summons was issued or waiver filed; but instead of taking these steps it appears that the counsel for the railway company, when the petition in error was filed, directed the clerk of the court not to issue a summons thereon.

The last point made is, that the *alias* execution is invalid because it commanded the sheriff to make the whole amount of judgment and costs, notwithstanding the fact that $225.05 of the judgment had been paid. On its face there was' such a command, but indorsed on the execution there was a credit of the amount actually paid. Even if the execution had issued for too large an amount, the proper practice would have been a motion to set aside as to the excess, rather than a motion to quash the execution. ( *Bogle v. Bloom*, 36 Kas. 512.) The order of the district court was correct, and will be affirmed.

All the Justices concurring.