McMURTRY v. BYRD *et al.*

No. 586. Opinion Filed May 12, 1909.

(101 Pac. 1117.)

**APPEAL AND ERROR—Dismissal of Writ—Failure to Issue Summons.**
A petition in error will be dismissed on motion, even though the same is filed in this court within the year allowed under the statute, where no waiver of issuance and service of summons in error is had, and no praecipe for the same filed, and no summons issued or general appearance made, within such time.

(Syllabus by the Court.)

*Error from District Court, Carter County; Stillwell H. Russell, Judge.*

Action between H. C. McMurtry and Ed Byrd and others. From the Judgment, McMurtry brings error. Dismissed.

*J. H. Everest, W. F. Bowman,* and *H. W. Allen,* for plaintiff in error.

*W. A. Ledbetter,* for defendants in error.

DUNN, J. Judgment in this case was rendered on the 31st day of December, 1907, and the motion for a new trial was overruled on the 4th day of January, 1908. From this action of the

district court, the plaintiff in error filed a petition in error in this court on December 30, 1908. No general appearance was made, or waiver of issuance of summons appears to have been secured, nor was any præcipe for the issuance of the same filed, nor was any summons in error issued until March 15, 1909. Defendants in error on March 13, 1909, filed a motion in this court to dismiss the action by reason of the foregoing facts.

In our judgment the motion should be sustained. Section 550, art. 22, c. 66 (paragraph 4748) Wilson's Rev. & Ann. St. 1903, provides:

"No proceeding for reversing, vacating or modifying judgments or final orders shall be commenced unless within one year after the rendition of the judgment or making of the final order complained of," etc.

The question presenting itself to us is whether or not this action was commenced within the meaning of the statute on the filing of the petition in error, or is such an action not commenced until something further is done? The Supreme Court of the state of Kansas seems to have passed on this question in a number of cases. *Board of Com'rs v. Labore et al.,* 37 Kan. 480, 15 Pac. 577; *Thompson and Wife v. Wheeler & Wilson Mfg. Co.,* 29 Kan. 476; *St. Louis & San Francisco Railway Company v. Reirson,* 38 Kan. 359, 16 Pac. 443. In the case of *Board of Com'rs v. Labore et al., supra,* the court said:

"A proceeding in error in the Supreme Court will be deemed commenced at the date of the summons, where the summons is served within a reasonable time afterward."

And in the case of *St. Louis & San Francisco Railway Company v. Reirson, supra,* the court said:

"A proceeding in error is not deemed to be commenced by the mere filing of a petition in error."

It will be noted that in this case summons was not issued until long after a year had expired from the rendering of judgment and the final order in the cause, and hence the action in this case was not commenced within the time provided for by the statute. To the same effect is the holding of the Supreme Court of the Terri-

tory. See *Wedd v. Gates et al.,* 15 Okla. 602, 82 Pac. 808; *Walton et al. v. Williams et al.,* 5 Okla. 642, 49 Pac. 1022.

The appeal is dismissed.

, All the Justices concur.