WILLIAMS v. PAULLIN *et al.*

No. 584.    Opinion Filed September 14, 1909.

(104 Pac. 342.)

**APPEAL AND ERROR**—Commencement of Proceedings—Summons.
Where no summons in error is issued or praecipe filed therefor,
and no general appearance is made by defendant in error with-
in one year after the rendition of the judgment appealed from, a
proceeding in error is not commenced within one year after the
rendition of the judgment, as required by section 4748, Wilson's
Rev. & Ann. St. 1903, although a petition in error and case-
made have been filed within said period of one year, and the
proceeding will be dismissed.

(Syllabus by the Court.)

*Error from District Court, Bryan County; Malcolm E. Rosser,
Judge.*

Action by Louis Paullin against Charles H. Williams and
others. Hagon John, guardian, intervenes. Judgment for de-
fendants, and intervener and plaintiff bring error. Dismissed.

*Crook & Kyle,* for plaintiffs in error.
*Robert Crockett* and *V. B. Hayes,* for defendants in error.

HAYES, J.    On the 13th day of January, 1908, final judg-
ment was rendered in the district court of Bryan county in favor
of defendant in error Louis Paullin in an action where-
in he was plaintiff and plaintiff in error, Charles H
Williams, and defendants in error Eli P. Williams and
Elmer H. Williams and others were defendants, and de-
fendant in error Hagon John was intervener. Plaintiff
in error has attempted to perfect this proceeding in error by
filing in this court on January 6, 1909, his petition in error and
case-made, but no summons in error was issued and no præcipe
therefor filed until the 22d day of January, 1909. Section 4748,
Wilson's Rev. & Ann. St. 1903, provides that no proceeding for
reversing, vacating, or modifying any judgment shall be com-

menced unless within one year after the rendition of the same. A proceeding in error is not commenced in this court until the petition in error has been filed and summons in error issued or præcipe for the same is filed, and where no summons in error has been issued and no præcipe for the same filed and no general appearance made by the defendant in error within one year after the rendition of the judgment in the trial court, although the petition in error has been filed within such time, the proceeding in error will be dismissed for want of jurisdiction. *Mc Murtry v. Bird et al.,* 23 Okla. 597, 101 Pac. 1117; *Court of Honor v. Wallace et al.,* 23 Okla. 734, 102 Pac. 111.

A summons in error was issued and the same served within 60 days after the expiration of one year after the rendition of the judgment in the trial court, but these facts do not bring it within the rule laid down by the Supreme Court of Kansas in *Thompson et al. v. Wheeler & Wilson Mfg. Co.,* 29 Kan. 476, wherein a *bona fide* attempt to commence a proceeding in error was made by filing petition in error and case-made and having a summons issued thereon before the expiration of one year from the rendition of the judgment appealed from, which summons in error was served within 60 days after the expiration of said period of one year from the rendition of the judgment in the trial court, and wherein it was held that the action was commenced in time. Had the summons in error been issued in this case before the expiration of one year from the rendition of the judgment and served on the date that it was served, the action would have then been commenced in time.

The failure of plaintiff in error to have summons issued before January 13, 1909, is fatal to the jurisdiction of this court, and the cause is dismissed.

All the Justices concur.