## MIRES v. HOGAN.

No. 9596—Opinion Filed Sept. 21, 1920.

(Syllabus by the Court.)

1. **Appeal and Error—Record—Sufficiency—Transcript of Record.**

A certified transcript of the record in the court below with petition in error constitutes a sufficient record upon which this court may consider errors disclosed by the judgment roll.

2. **Same—Necessity for Case-Made or Bill of Exceptions—Proceedings to Vacate Judgment.**

A motion to vacate and set aside a judgment partakes somewhat of the nature of an independent action to evade, avoid, or nullify the judgment, and the proceedings to vacate are no part of the judgment roll in the original case in which the attacked judgment was rendered, and for this reason the mo-

tion to vacate and set aside a judgment, and the order of the court thereon, are not parts of the record unless they are brought into the same by a bill of exceptions or case-made.

### 3. Same—Review of Judgment—Judgment on Pleadings.

A final judgment is a part of the judgment roll, and its correctness can be tested in this court by an examination of the judgment, its premises, recitals therein, the pleadings, and all parts of the judgment roll, and in considering such judgment it is not material to the jurisdiction of this court whether or not a judgment on the pleadings was rendered on the motion of a party or by the court on its own motion

### 4. Pleading—Judgment on Pleadings—Necessity for Motion.

The district court has inherent power to render a judgment on the pleadings without a motion by either party.

### 5. Same—Basis of Judgment.

A judgment on the pleadings is rendered, not because of the lack of evidence or proof, but because of a lack of issue of fact. If the pleadings present no material issue of fact, then it becomes a question of law as to which party is entitled to judgment.

### 6. Same—Effect of Motion.

A motion for judgment is not directed at the form of the pleadings, but goes to the substance; it does not assail indefiniteness, uncertainty, or clerical errors, and such a motion can raise only such questions as are raised on a general demurrer, and issues of fact cannot be determined on such a motion.

### 7. Same—Nature of Motion.

A motion for judgment on the pleadings is of the nature of a demurrer, is governed by the rules applicable to a general demurrer, and admits every material fact properly stated in the pleadings.

### 8. Same—Right to Judgment.

A motion for judgment on the pleadings searches the whole record, and a judgment may be rendered for the party, either the movant or his adversary, entitled thereto as the record then stands; but the motion can never prevail unless upon the facts established by the pleadings, the court, as a matter of law, can pronounce a judgment on the merits for one or the other of the parties.

### 9. Same—Consideration of Motion.

A motion for judgment on the pleadings presents two questions to the court in the following order: (1) Is there any issue of material fact? And if no issue of material fact is presented by the pleadings, (2) which party is entitled to the judgment? In determining the second question, it is immaterial which party presents the motion, but on the first question the moving party is at this disadvantage: He is deemed not only to admit, for the purposes of the motion, the truth of every fact well pleaded, but to ad-

mit the untruth of his own allegations which have been denied. On the first question, the adverse party has this advantage: His pleadings will be construed so as to bring to his aid every reasonable intendment in favor of the sufficiency thereof. Thus, the answer to the first question, and therefore whether or not the court reaches the second question, may depend somewhat upon which party makes the motion.

### 10. Appeal and Error—Necessity for Motion for New Trial—Judgment on Pleadings.

A final judgment rendered on the pleadings has the same effect as a final judgment rendered on a demurrer, and a motion for a new trial is neither essential nor proper, as error assigned upon the overruling of a motion for a new trial would present nothing to this court for review.

### 11. Pleading — Motions for Judgment on Pleadings—Amendments.

Motions for judgment on the pleadings are not looked upon with favor, and amendments may be made to defeat such motions.

### 12. Appeal and Error—Jurisdiction—Parties.

Under section 5238, Rev. Laws 1910, as amended by the act of the legislature approved March 23, 1917, notice of intention to appeal as therein provided, coupled with the filing in this court of a petition in error and proper record, confers jurisdiction upon this court over all the parties to the judgment and proceedings complained of, except parties to the action below who did not appear at the trial and take part in the proceedings from which the appeal is taken, and parties who filed a disclaimer in the trial court.

### 13. Same—Bringing in New Parties on Appeal.

Parties to the action who did not appear at the trial and take part in the proceedings from which the appeal is taken, and parties who filed a disclaimer in the trial court, may be made parties plaintiffs or defendants to proceedings in error in this court, on such terms as this court may direct, upon it appearing that such party or parties might be affected by the reversal of the judgment or order complained of.

### 14. Same—Dismissal for Defect of Parties—Notice of Appeal—Statutes.

Section 5238, Rev. Laws 1910, as amended by the act approved March 23, 1917, declaring that "no appeal shall be dismissed by" this court "because any party in the court below is not made a party to the appeal," means no appeal shall be dismissed because a party in the court below is not made a party to the petition in error, the notice of intention to appeal automatically making all parties of record in the lower court adverse parties to the proceedings in error when the same are filed in this court.

### 15. Same—Parties—"Defendants in Error."

Under section 5238, Rev. Laws 1910, as amended by act approved March 23, 1917, all parties of record in the court from which

the appeal is taken, other than the plaintiff in error and parties not appearing at the trial or filing a disclaimer, are parties defendants in error to the proceedings in error in this court, irrespective of whether or not they are named as such in the petition in error; provided, the notice of intention to appeal is given as required by the statute, and the plaintiff in error otherwise appeals in due time by filing petition in error in the appellate court with certified copy of a transcript of the record or proper case-made attached thereto.

## 16. Usury—Penalty — Recovery — Limitation of Actions.

Under section 3 of article 14 of the Constitution, if usury has been contracted for and not paid, the penalty may be pleaded by the defendant as a set-off in an action to recover the debt; but if such usurious interest has been paid, it cannot be set up as a defense in an action to recover the debt, but can only be recovered in a separate action brought for that purpose within two years after the payment of the usurious interest. The two-year statute of limitations begins to run from the date of payment, and not from the due date of the note or contract.

## 17. Limitation of Actions—Right to Plead Statute—Vested Rights.

The privilege to plead the statute of limitations when it has run and become a bar to a remedy arising ex contractu or ex delicto is a vested right. There is no vested right to a remedy after the substantive right is lost.

## 18. Same.

In the absence of a constitutional provision to the contrary, there is no vested right in a statute of limitations before the cause of action is barred under it, although the statute began to run before it was extended or shortened by subsequent statute.

## 19. Same—Change in Statutes—Constitutional Law.

Under section 52, art. 5, Williams' Oklahoma Constitution, statutes of limitations may not be altered or repealed so as to revive either a barred cause of action or a remedy thereon, but statutes of limitations, so long as they relate only to remedies, may be altered and repealed before the bar has become complete.

## 20. Same—Recovery of Penalty for Usury.

If the cause of action to recover in a separate suit twice the amount of interest actually paid under a usurious note, bill, or other evidence of debt, was barred by the two-year statute of limitations contained in section 3 of article 14 of the Constitution, and section 1005, Rev. Laws 1910, prior to the date the act of the legislature approved March 4, 1916, took effect, amending said section 1005, the amendatory act did not revive the cause of action or remedy.

## 21. Same—Recovery by Way of Set-Off or Counterclaim.

Where the usurious interest was actually paid within two years next before the amendatory act approved March 4, 1916, became effective, the debtor may recover from the creditor receiving the same twice the amount by way of set-off or counterclaim in any action brought by the creditor to recover the principal debt or principal debt and unpaid interest, without regard to limitation of time, it being provided under section 4746, Rev. Laws 1910, that a set-off or counterclaim "shall not be barred by the statutes (plural) of limitations until the claim of the plaintiff is so barred."

## 22. Constitutional Law—Impairing Obligation of Contracts—Change of Remedies.

Remedies for the enforcement of a contract, existing at the time the contract is made, are a part of the obligations of the contract to the extent that they cannot be totally abolished or repealed or changed so as to substantially obstruct or retard the enforcement of the contract or lessen the value of the agreement, such a change of remedies being unconstitutional and void. But a repeal or change of remedies which does not substantially diminish the value of an agreement, or retard or obstruct its enforcement, escapes the inhibition of the Constitution and is valid.

Error from District Court, Kingfisher County; James B. Cullison, Judge.

Action by S. W. Hogan against Ervin M. Mires and others to recover on promissory note and to foreclose mortgage. Judgment on the pleadings for plaintiff, and the defendant named brings error. Reversed.

On March 22, 1917, defendant in error, S. W. Hogan, filed this suit in the district court of Kingfisher county, against Ervin M. Mires and wife, Dora Mires, and First National Bank of Cashion, to foreclose a mortgage and recover on a certain $2,000 note executed by plaintiff in error, Ervin M. Mires, on December 10, 1909, and prior to his marriage to Dora Mires. Hogan alleges the execution of the note and mortgage; that the rate of interest provided for was nine per cent, payable annually; that interest payments were made, including one of $421.17, on December 31, 1915. Whether the land has since become the homestead of Mires and wife is not disclosed by the record. Ervin M. Mires filed an answer and counterclaim on April 20, 1917, to which plaintiff filed a reply on April 28, 1917. Plaintiff alleges that the bank has a second mortgage on the same land, to secure a note approximating $1,334.90, with interest. On March 22, 1917, said bank filed an answer and cross-petition, whereby it sets up its mortgage of December 31, 1910, executed by Ervin M. Mires, to secure a note for $1,334.90, and prays that it have judg-

ment for the indebtedness and foreclosure of the mortgage. It admits the seniority of plaintiff's mortgage and makes no question as to its validity or the amount of the indebtedness. After various pleadings and motions, the plaintiff in error, Ervin M. Mires, on May 8, 1917, filed his amended answer, which he entitled "Separate Answer, Cross Petition and Set-Off of Defendant, Ervin M. Mires." In this amended answer and cross-petition, he denies each and every material allegation in plaintiff's petition; admits the execution of the note to plaintiff December 10, 1909, for $2,000, and the execution of the mortgage to secure the same; admits that the rate of interest stipulated in the note is nine per cent. annually, but avers that the actual contract between him and Hogan was for a rate of interest in excess of ten per cent.; avers that on December 10, 1909, he executed to Hogan three $60 notes, due in one, two, and three years, for additional interest, thus making the total interest exceed ten per cent. annually; avers that the contract to pay unlawful interest was entered into by plaintiff with full knowledge of his unlawful act, etc. (see am. case-made, page 27); avers that he has paid plaintiff the full amount of said three notes in cash, and that the plaintiff has not paid back the same or any part thereof. In short, he avers that he has paid Hogan usurious interest; that the contract between him and Hogan stipulated for the payment of usurious interest, and he calculates the amount in his petition which he claims should be awarded him, either under section 1005, Rev. Laws 1910, or under the act of the Legislature approved March 4, 1916, Senate Bill No. 3, and pleads the amount as an off-set and counterclaim. Mires filed another amendment along these lines. The First National Bank of Cashion filed a motion for judgment on the pleadings, which motion was sustained on May 10, 1917, to which judgment plaintiff saved no exceptions; nor does it appear that he contested the right of the bank to such judgment. Hogan filed a reply to the amended answer and cross-petition of the defendant Mires, plaintiff in error, and thereafter and on August 24, 1917, filed an amendment to his reply in which he sets up the statute of limitations of two years against the recovery of twice the amount of interest paid, as provided for by section 1005, Rev. Laws 1910. Mires claims in his cross-petition that he agreed and bound himself to pay more than ten per cent annual interest, and that he is entitled to recover twice the amount of the interest so paid. Plaintiff also in his reply insists that the defendant Mires cannot set-off or recover by counterclaim twice the amount of interest paid, even if usurious interest was contracted for and received. On August 24, 1917, plaintiff filed a motion for judgment on the pleadings. On September 4, 1917, the court entered a judgment on the pleadings in favor of plaintiff and against Mires, in which judgment it is recited that "this cause comes on for hearing upon the motion of the plaintiff for judgment in his favor against the defendants Ervin M. Mires and Dora M. Mires, his wife, for the amount due upon the notes secured by plaintiff's mortgage and for the foreclosure of this mortgage against the said Mires as the defendants and the First National Bank of Cashion, Oklahoma, and the court being fully advised in the premises, it is by the court considered, ordered, and adjudged and decreed that the said motion for judgment on the pleadings in favor of said plaintiff against the said defendants, as prayed in the plaintiff's petition, be and the same is sustained, to which ruling and order the defendants, Ervin M. Mires and Dora M. Mires, except. * * *" The court goes on to find the amount of the note and interest unpaid, and rendered judgment against Ervin M. Mires (but not against his wife) for the total thereof and attorney fees, and adjudged the plaintiff's mortgage senior and superior to the claims of all the defendants and ordered the land sold. The judgment also recites that it is in addition to and not a substitute for nor in conflict with the judgment theretofore entered in favor of the First National Bank of Cashion. The final judgment of September 4, 1917, recites that Ervin M. Mires and Dora M. Mires gave notice in open court of their intention to appeal to the Supreme Court from the judgment and decree and the order of the court, and the court ordered the clerk to note such notice of appeal. Time was allowed to make and serve a case-made, but no case-made was ever served and no bill of exceptions made. It does appear that the plaintiff in error excepted to the judgment on the pleadings, the exception being recited in the judgment and journal entry thereof. Ervin M. Mires brings the case here on petition in error, to which he attaches a transcript of the record. There is neither a case-made nor bill of exceptions, nor did he name his wife or the First National Bank of Cashion parties to the petition in error.

Frank T. Gee, for plaintiff in error.

F. L. Boynton, for defendant in error.

RAMSEY, J. (after stating the case). 1. The defendant in error filed a motion to dismiss the appeal or proceedings in error, which motion has heretofore been considered and overruled by the court. However, defendant in error urgently insists that this court cannot consider this case for two reasons: (1) because there is a defect of parties in that

neither Dora Mires nor the First National Bank of Cashion, the second mortgagee, is a party to the petition in error, and (2) the petition in error cannot be sustained because it is not supported by either a case-made or a transcript containing a bill of exceptions. There is a transcript of the trial court record attached to the petition in error. A petition in error with attached thereto a certified transcript of the record in the court below constitutes a sufficient record upon which this court may consider errors disclosed by the judgment roll (section 5240, Rev. Laws 1910), as defined by section 5146, Rev. Laws 1910, construed in Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681. See, also, Vann v. Union Central Life Ins. Co., 79 Okla. 17, 191 Pac. 175. Plaintiff in error excepted to the judgment, and that is enough. Defendant in error contends that neither the motion for judgment on the pleadings nor the judgment can be considered by this court unless made a part of the record by bill of exceptions or case-made. It is true this court holds that neither the motion to vacate and set aside a judgment, nor the order of the court thereon, is a part of the record unless they are brought into the same by a bill of exceptions or case-made. Wells v. McArthur, 77 Okla. 279, 188 Pac. 322; Vann v. Union Central Life Ins. Co., supra; DeVault v. Merchants Exchange Co., 22 Okla. 624, 98 Pac. 342. A motion to vacate and set aside a judgment partakes of the nature of an independent action to evade, avoid, or nullify the judgment, and the proceedings to vacate are no part of the judgment roll in the original case in which the attacked judgment was rendered. A bill in equity is no part of the transcript of the record in the case in which the judgment attacked was rendered. But the final judgment in this case is a part of the judgment roll. Under section 5146, Rev. Laws 1910, it is as much a part of the judgment roll as any judgment can possibly be. It is unnecessary for us to look to the motion for judgment on the pleadings. Whether or not there was a motion is immaterial to the jurisdiction of this court, because, there being no statute to the contrary, the district court has inherent power to render a judgment upon the pleadings, without any motion from either party. The district court has inherent power to examine the record and render a judgment on its own motion, if it finds there is no material issue of fact presented thereby. 14 Standard Proc. 926. A judgment on the pleadings is rendered, not because of the lack of evidence of proof, but because of a lack of issue of fact. If there be no issue of material fact presented by the pleadings, then it becomes a question of law as to which party is entitled to judgment. A motion for judgment is not directed at the form of the pleadings, but goes to the substance; it does not assail indefiniteness or uncertainty or clerical errors, and such a motion can raise only such questions as are raised on a general demurrer. A motion for judgment on the pleadings presents solely a question of law. Issues of fact cannot be determined on such a motion. There must be a total absence of an issue of material fact. 14 Standard Proc. 952. A motion for judgment on the pleadings is of the nature of a demurrer, is governed by the rules applicable to a general demurrer, and admits every material fact properly stated in the pleadings. Sharp Lumber Co. v. Kansas Ice Co., 42 Okla. 689, 142 Pac. 1016; Pugh v. Stigler, 21 Okla. 854, 97 Pac. 566; Schuber v. McDuffee, 67 Oklahoma, 169 Pac. 642; Oliphant v. Crane, 70 Oklahoma, 172 Pac. 1074. A motion for judgment on the pleadings searches the whole record, and a judgment may be rendered for the party entitled thereto as the record then stands; that is to say, a judgment on the pleadings may be rendered against the movant as well as his adversary, but the motion can never prevail unless upon the facts established by the pleadings, the court, as a matter of law, can pronounce a judgment on the merits for one or the other of the parties. 14 Standard Proc. 955, 956. Judgment on the pleadings may be rendered against the moving plaintiff if his petition fails to state facts sufficient to constitute a cause of action, or against the moving defendant if his answer fails to state facts sufficient to constitute a defense. A motion for judgment on the pleadings presents two questions to the court in the order hereinafter named: (1) Is there any issue of material fact? And if no issue of material fact is presented by the pleadings, (2) which party is entitled to judgment? In determining the second question, it is immaterial which party presents the motion, because the motion searches the entire record, and in the absence of an issue of material fact the court will render judgment on the merits for the party entitled thereto as a matter of law on the admitted facts. However, on the **first question**, the moving party is at this disadvantage: He is deemed not only to admit, for the purposes of the motion, the truth of every fact well pleaded, but to admit the untruth of his own allegations which have been denied. 14 Standard Proc. 949. On the first question, the adverse party has this advantage: His pleadings will be construed so as to bring to his aid every reasonable intendment in favor of the sufficiency thereof. Thus the answer to the first question, and therefore whether or not the court reaches the second question, may depend somewhat upon which party makes the motion. Sharp Lumber Co. v. Kansas Ice Co., 42 Okla. 689, 142

Pac. 1016. The final judgment on the motion for judgment on the pleadings has the same effect as a final judgment rendered on demurrer (14 Standard Proc. 957), and a motion for a new trial is neither essential nor proper, as error assigned upon the overruling of a motion for a new trial would present nothing to this court for review. Schuber v. McDuffee, 67 Oklahoma, 169 Pac. 642. Amendments may be allowed, to defeat a motion for judgment on the pleadings (14 Standard Proc. 937), and such motions are not looked upon with favor. We are therefore of the opinion that the judgment with its recitals rendered on the pleadings in this case is subject to review in this court on the petition in error, and a transcript exhibiting the judgment roll. The judgment on the pleadings in this case must be tested by these rules.

2. The contention that there is a defect of parties in error in that the First National Bank of Cashion and Dora Mires are not parties to the petition in error in this court, is not well taken. Plaintiff in error, Ervin M. Mires, gave notice in open court, as provided by section 5238, Rev. Laws 1910, amended by act of the Legislature approved March 23, 1917 (Session Laws of 1917, p. 287), of his intention to appeal from the judgment to this court. That section, as amended, expressly provides that upon giving such notice "all parties of record in the court from which such appeal is to be taken shall become parties to the appeal in the Supreme Court, and no further notice shall be required to be served upon them of such appeal, and no appeal shall be dismissed by the appellate courts of this state because any party in the court below is not made a party to the appeal, but such notice provided and showing intention to appeal shall automatically make all parties of record in lower court parties in the appellate court." If this case had come here on petition in error supported by a case-made, it would be important to inquire whether or not the case-made had been served on defendants in error, as provided for by the act approved March 21, 1917 (Session Laws of 1917, p. 73), it appearing that neither filed a disclaimer and that both took part in the proceedings below. Under the amendatory act of March 23, 1917, it is unnecessary to serve the case-made on (1) any party to the action who did not appear at the trial and take part in the proceedings from which the appeal is taken, or (2) any party who shall have filed a disclaimer in the trial court. Section 5238, Rev. Laws 1910, as thus amended by said act of March 23, 1917, not only substitutes the notice in open court of the intention to appeal for the issuance and service of summons in error,

which is abolished, but expressly declares that "notice in open court * * * of his intention to appeal to the Supreme Court" makes "all parties of record in the court from which such appeal is to be taken * * * parties to the appeal in the Supreme Court," and declares that "no further notice shall be required to be served upon them of such appeal, **and no appeal shall be dismissed by the appellate courts of this state because any party in the court below is not made a party to the appeal, but such notice provided and showing intention to appeal shall automatically make all parties of record in lower court parties in the appellate court.**" It is insisted that the plaintiff in error should have made the First National Bank of Cashion and Dora Mires parties to his petition in error; that while summons in error is abolished and the notice of appeal when the appeal is perfected brings the parties into the Supreme Court, nevertheless, they cease to be parties unless they are made defendants in error or plaintiffs in error in the petition in error. The statutory declaration that "no appeal shall be dismissed by the appellate courts of this state because any party in the court below is not made a party to the appeal," means that "no appeal shall be dismissed by the appellate courts of this state because any party in the court below is not made a party to the appeal in **the petition in error.**" This must be what is meant, otherwise the declaration that "no appeal shall be dismissed * * * because any party in the court below is not made a party to the appeal" is meaningless and wholly unnecessary, because the very paragraph of which it is a part declares that the notice in open court of the intention to appeal makes "all parties of record in the court from which such appeal is to be taken * * * parties to the appeal in the Supreme Court," and declares that "no further notice shall be required to be served upon them of such appeal," and declares that such notice "shall automatically make all parties of record in lower court parties in the appellate court." Now, if the notice in open court or notice served as provided in the statute makes all parties to the record in the lower court parties to the appeal in this court, and automatically makes them such parties in this court (all of which such notice accomplishes), the additional statement that "no appeal shall be dismissed * * * because any party in the court below is not made a party to the appeal" must mean that "no appeal shall be dismissed because any party in the court below is not made a party to the petition in error."

Upon giving notice in open court, either at the time the judgment is rendered or within

ten days thereafter, of intention to appeal to this court, or if the judgment is rendered within less than ten days from the expiration of the term, and notice is given within ten days after the rendition of the judgment, and an entry of such notice is made by the clerk of the court on the trial docket, this court acquires jurisdiction over all the parties, upon the filing in this court of a petition in error with case-made or certified transcript of record attached within six months after the rendition of the judgment or order complained of, as provided by section 5255, Rev. Laws 1910, as amended by the act of the Legislature approved February 14, 1911. See 1910-11 Session Laws, p. 35. Since the amendment of section 5238, Rev. Laws 1910, by the act approved March 23, 1917, the petition in error serves only the functions of an assignment of errors. Prior to the amendment of March 23, 1917, the petition in error was in the nature of an original pleading (2 Standard Proc. 293) and the issuance of summons in error based upon the petition in error with record attached, constituted the commencement of a proceeding in error. McMurtry v. Byrd, 23 Okla. 597, 101 Pac. 1119; Court of Honor v. Wallace, 23 Okla. 734, 101 Pac. 111; Williams v. Paullin, 24 Okla. 694, 104 Pac. 342; St. Louis & S. F. R. Co. v. Rierson, 38 Kan. 359. Prior to the amendment of March 23, 1917, the petition in error performed the office of a pleading and assignment of errors. Since that amendment, it is nothing more nor less than the ordinary assignment of errors. Being in the nature of an original pleading prior to the amendment of March 23, 1917, it was just as necessary for it to name the parties plaintiffs and defendants as for a bill in equity or an original petition under the Code of Civil Procedure to name the parties. It was not only necessary for the petition in error to name the parties, but a summons in error had to issue out of this court and be served or service waived. The main purposes of the amendment of March 23, 1917, were to sustain the jurisdiction of this court on appeal, in spite of the inability of plaintiff or plaintiffs in error to obtain service of summons in error upon the parties, and also to end as far as possible the frequently arising difficult problem of who is and who is not a necessary party to the proceedings in error. We are not concerned in this case with the construction of the second paragraph of the act of March 23, 1917, further than to say, augmentatively, that it expressly declares that neither a party to the action below who did not appear at the trial and take part in the proceedings from which the appeal is taken, nor a party who filed a disclaimer in the trial court, is a necessary party to the proceedings in error in

this court, although such omitted party may be made a party plaintiff or defendant in error in this court on such terms as this court may direct "upon its appearing that he might be affected by the reversal of the judgment or order from which the appeal was taken." The second paragraph of the amendatory act of March 23, 1917, is based largely upon the assumption that neither a party who did not appear and take part in the proceedings from which the appeal is taken, nor a party who filed a disclaimer in the trial court, was actually or constructively present at the time the judgment was rendered or took further notice of the record in the case. Notice of intention to appeal "shall automatically make all parties of record in lower court parties in the appellate court," and we conclude from a careful examination of the amendatory act that all parties to the proceedings in the lower court, except parties who did not appear and take part in the proceedings from which the appeal is taken, and except parties who filed a disclaimer in the trial court, are automatically made parties, defendants in error, in this court, irrespective of whether their names are mentioned as such in the assignment of errors, or, as otherwise denominated by the statute, petition in error. The statute does not require that the notice of intention to appeal name the adverse parties. The notice is notice to all others of record, and when the petition in error is filed here the statute names the defendants in error. The petition in error is not served on any party. It is no longer a pleading. It now performs the office solely of an assignment of errors. The First National Bank of Cashion and Dora Mires are parties, defendants in error, in this case, and may be heard if they so desire. Any other construction ignores the plain letter of the statute. This case comes here on a transcript of the record, and it was unnecessary to serve a copy of such transcript on the parties. Consequently, there can be no wellfounded motion to dismiss on the ground that the record was not served. If an appeal is sought to be perfected by filing a case-made with petition in error in this court, and there are irregularities in the making and serving of such case-made, etc., the appeal may or may not be dismissed (as circumstances require) for want of a proper and sufficient record on the ground that the appeal has not been properly perfected. There can be no doubt that the appeal must be perfected within six months after the rendition of the judgment or order complained of. 2 Standard Proc. 321. Section 3039, Revised Statutes of Wisconsin, limits the time for taking appeals to two years from the entry of judgment, and section 3049 provides that the "appeal shall be deemed taken by

service of the notice of appeal and perfected by serving the undertaking for costs, or the deposit of money instead, or the waiver thereof as herein provided." In Munk v. Anderson, 68 N. W. 407, the Wisconsin court held that the appeal must be perfected within the two years' time.

3. Defendant in error contends that the judgment should be sustained because: (1) the answer and cross-petition of plaintiff in error does not allege that he made any written demand for the return of the usury; (2) the usurious interest having been paid, the penalty cannot be pleaded by defendant as a set-off to his action to recover the debt; (3) that defendant's claim was barred by the two-year statute of limitation provided by section 1005, Rev. Laws 1910, and section 3 of article 14 of the Constitution.

(A) Under section 1005, Rev. Laws 1910, a written demand is essential to the recovery of twice the interest paid under a usurious note or contract. Mitchell v. Clark, 52 Okla. 628, 152 Pac. 354; Tingley v. Hammert, 66 Oklahoma, 168 Pac. 791.

(B) The answer and cross-petition alleges that unlawful and usurious interest has been paid, and that being true, the penalty under section 1005, Rev. Laws 1910, or section 3 of article 14 of the Constitution, cannot be pleaded as a set-off or counterclaim against the plaintiff. Gunness v. Stever, 60 Okla. 24, 158 Pac. 568; Miller v. Oklahoma State Bank, 53 Okla. 616, 157 Pac. 767; Daniels v. Bunch, 69 Oklahoma, 172 Pac. 1086; First National Bank v. Hutton, 64 Oklahoma, 166 Pac. 726.

The note and alleged usurious contract having been made in December, 1909, and therefore prior to the taking effect of section 1005, Rev. Laws 1910, the provisions of section 3 of article 14 of the Constitution govern. That provision of the Constitution is as follows:

"The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case a greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover from the person, firm, or corporation taking or receiving the same, in an action in the nature of an action of debt, twice the amount of the interest so paid: Provided, such action shall be brought within two years after the maturity of such usurious contract: Provided, however, that this section may be subject to such changes as the Legislature may prescribe."

Under that section of the Constitution, the only penalty for reserving usurious interest is the forfeiture of the entire interest, if unpaid. If paid, then the party paying it may recover in a separate action twice the unlawful amount paid. Union Savings Ass'n v. Cummins, 78 Okla. 265, 190 Pac. 869.

(C) Under section 3 of article 14 of the Constitution and section 1005, Rev. Laws 1910, the action to recover the penalty must be commenced within two years after the payment thereof. The action is not barred by the expiration of two years from the date of the maturity of the $2,000 note. This court in a well-considered opinion by Commissioner Stewart, in Bean v. Rumrill, 69 Oklahoma, 172 Pac. 453, construes section 3 of article 14 of the Constitution and the proviso to section 1005, providing that "such action shall be brought within two years after the maturity of such usurious contract," to mean within two years after the payment of the usurious interest; that is to say, this court construes "maturity of such usurious contract" to mean the fruition of such usurious contract—payment of the interest. The opinion in Bean v. Rumrill, supra, was handed down February 5, 1918, and petition for rehearing denied April 30, 1918. The judgment on the pleadings in this case was rendered on September 4, 1917, several months before Bean v. Rumrill was handed down. The answer and cross-petition of plaintiff in error, while alleging payment of unlawful interest, does not state when it was paid. We are not advised by the pleading when unlawful interest was paid, but the note set out in plaintiff's petition in haec verba shows that interest was paid December 31, 1915, in the sum of $421.17. If the cause of action of plaintiff in error to recover the usurious interest and penalty was barred by the two-year statute of limitations contained in section 3 of article 14 of the Constitution and section 1005, Rev. Laws 1910, prior to the date the act of the Legislature approved March 4, 1916, took effect, amending section 1005, Rev. Laws 1910, then the amendatory act did not revive plaintiff in error's right or remedy. If his right to recover the penalty was barred by the statute of limitations of two years prior to the taking effect of the amendatory act of March 4, 1916, it is still barred. Section 52 of article 5 of Williams' Oklahoma Constitution provides that the "Legislature shall have no power to revive any right or remedy which may have become barred by lapse of time, or by any statute of this state." Under that section of article 5 of the Constitution, the Legislature cannot remove a completed statutory bar to a cause of action. Smith v. Winston, 67 Oklahoma, 170 Pac. 503; Dolezal v. Bostick, 41 Okla.

743, 139 Pac. 964. See, also, 12 C. J. 980. Thus, the privilege to plead the statute of limitations when it has run and become a bar to a demand arising ex contractu or ex delicto is a vested right. There is no vested right to a remedy after the substantive right is lost. Faxon v. All Persons, 166 Cal. 707, 137 Pac. 919, L. R. A. 1916B, 1209; Wood on Limitations (4th Ed.) vol. 1, sec. 11; Lawrence v. Louisville, 96 Ky. 595, 49 Am. St. Rep. 309, 27 L. R. A. 560. On the other hand, there is no vested right in a statute of limitations before the cause of action is barred under it, though the statute began to run before the time was extended or shortened by a subsequent statute. City of Pargould v. Lawson, 88 Ark. 478, 115 S. W. 379; 12 C. J. 980; Wood on Limitations (4th Ed.) vol 1, sec. 11. Under section 52, article 5, of Williams' Oklahoma Constitution, statutes of limitations may not be altered or repealed so as to revive either a barred cause of action or a remedy thereon, but statutes of limitations, so long as they relate only to remedy, may be altered and repealed before the bar has become complete. Bearing in mind that under the decisions of this court, the two-year statute of limitations on actions to recover twice the amount of interest commences to run from the date of payment and not from the due date of the note or contract, it is our conclusion that if the illegal and unlawful interest was paid within two years from the date the amendatory act approved March 4, 1916, took effect, the plaintiff in error has a right under the amendatory act to plead the same as an off-set or counterclaim against the defendant, although no written demand was made for the same, and without regard to lapse of time. No written demand was required by the Constitution at the time the note was executed or at the time this suit was commenced in 1917. The plaintiff acquired no vested right to a written demand as a condition precedent to a suit to recover the penalty. This is clearly true because no such condition was required by law at the time the note was made or the suit was commenced. Then, besides, a written demand is more of formality than of substance. Taking away the requirement of a written demand deprived plaintiff of no substantial right. He lost nothing thereby. Section 1005, Rev. Laws 1910, thus amended, removes the requirement of a written demand for the return of the usury as a condition precedent. In Daniels v. Bunch, 69 Oklahoma, 172 Pac. 1086, and First National Bank v. Hutton, 64 Oklahoma, 166 Pac. 726, this court held that if usury was contracted for but not paid, the penalty may be set up by the defendant by way of set-off in the action to recover the debt, but if the usurious interest has been paid, the amount thereof, or the penalty prescribed therefor, cannot be set up by way of set-off in the action to recover the debt—that it can only be recovered in a separate action brought for that purpose within two years. See Miller v. Oklahoma State Bank, 53 Okla. 616, 157 Pac. 767. The amendatory act expressly provides that "when any suit is brought upon any note, bill or other evidence of indebtedness, or to foreclose any mortgage or lien given to secure such indebtedness when a greater rate of interest has been **collected, reserved, charged or received** than is provided for in this act, the defendant, or his legal representative, may plead as a set-off or counterclaim in said action twice the amount of the entire interest collected, reserved, charged or received in said transaction, or in all such transactions between the same parties." The second section of the amendatory act provides a method whereby the debtor may liquidate "any contract for the loan of money where the rate of interest taken, received, reserved or charged is greater than the rate as declared in section 1004 of the Revised Laws of Oklahoma, 1910." The manner of liquidating a loan or contract calling for a usurious rate of interest is as follows:

(1) Either on the date the contract falls due or at any time before suit for collection is commenced, the payer, his agent, attorney, or legal representative may tender to the holder of the contract or note the exact amount of money received from the lender, less the amount of the entire interest charged, received, reserved, or collected thereon, such tender to be in writing. The payee is then given 24 hours to answer in writing such tender. The payee's acceptance or final rejection of the tender shall constitute a complete satisfaction of the indebtedness. (2) If no such tender as above defined is made and suit for collection is commenced, the payer, his agent, attorney, or legal representative, may, at or before the time he is required to plead, deposit in the court in which the suit is instituted, the exact sum of money received on said contract, less the exact amount of the entire interest taken, received, reserved, or charged, and the cost incurred. Then, if the sum is not accepted by the payee, the court or jury shall make a finding against the plaintiff and judgment shall be rendered against the plaintiff, adjudging such contract and debt satisfied by reason of the tender, "if such is found to have been made, and for cost, and on such finding the said deposit shall be returned to the defendant" debtor. There is this significant proviso to the liquidating section (section No. 2) of the amendatory act: "Provided, this section shall not be construed to pre-

vent the debtor from bringing his action on cross-petition, or in an original suit to recover twice the amount of interest charged or paid in said contract sued upon." If the plaintiff in error paid the unlawful interest and his separate cause of action was not barred by the statute of limitation at the time the amendatory act approved March 4, 1916, went into effect, he has a right to plead the penalty as an offset to the action of defendant in error on the note and mortgage. But it is contended that where the interest was paid there was no remedy by way of offset or counterclaim, that the cause of action must be enforced in a separate suit, that the two-year statute of limitation inhered in the cause of action, and that the remedy by way of a separate suit could not be changed by the Legislature so as to permit the debtor to enforce his rights by set-off or counterclaim in the action commenced by the creditor or holder of the contract to recover thereon. That the two-year statute of limitation did not inhere in the cause of action is settled by this court in Bean v. Rumrill, 69 Oklahoma, 172 Pac. 452. The plaintiff in error may be heard to complain about his remedy, but the defendant in error has no complaint. There is no change in his liability. An extended review of the authorities and a careful examination of the decisions convinces us that the true rule is this: Remedies for the enforcement of a contract existing at the time the contract is made, are a part of the obligations of the contract to the extent that they cannot be totally abolished or repealed or changed so as to substantially obstruct or retard the enforcement of the contract, or lessen the value of the agreement. Such change in the remedies is unconstitutional and void. But a repeal or change of remedies which does not substantially diminish the value of an agreement or retard or obstruct its enforcement escapes the inhibition of the Constitution and is valid. Louisiana v. New Orleans, 102 U. S. 203, 206, 26 L. Ed. 132; Edwards v. Kearney, 96 U. S. 595, 607, 24 L. Ed. 793; Seibert v. Lewis, 122 U. S. 284, 294, 7 Sup. Ct. 1190, 30 L. Ed. 1161; Green v. Biddle, 8 Wheat. 1, 15, 5 L. Ed. 547; Bronson v. Kinzie, 1 How. 311, 11 L. Ed. 143; Hoffman v. City of Quincy, 4 Wall. 535, 18 L. Ed. 403; McCracken v. Hayward, 2 How. 608, 612, 11 L. Ed. 397; Howard v. Bugbee, 24 How. 461, 16 L. Ed. 753; Brine v. Ins. Co., 96 U. S. 627, 637, 24 L. Ed. 858; Hathorn v. Calef, 2 Wall. 10, 23, 17 L. Ed. 776; Barnitz v. Beverly, 163 U. S. 118, 128, 16 Sup. Ct. 1042, 41 L. Ed. 93; Harrison v. Remington Paper Co., 140 Fed. 385. This holding in no sense conflicts with the opinion in Union Sav. Ass'n v. Cummins, 78 Okla. 265, 190 Pac. 869. That case very correctly holds that as the only penalty imposed by the law (sec. 3, art. 14, Const.) in force at the time (1909) the contract involved in that case was made, for reserving usurious interest, unpaid, was the forfeiture of the entire interest, a subsequent act of the Legislature could not add a further or greater penalty. Obviously, the Legislature cannot penalize or render unlawful a prior transaction lawful at the time it was made or impose, by a law passed subsequent to the contract, an additional penalty. Ex post facto laws are not constitutional. In this case the only penalty for the unpaid (if any) usurious interest is the forfeiture of the entire interest as provided for in section 3 of article 14 of the Constitution. Neither section 1005, Rev. Laws 1910, nor the amendatory act of March 4, 1916, applies with respect to the amount of the penalty. But the procedure for enforcing the penalty imposed by section 3 of article 14 of the Constitution has been changed, and the new procedure provided for is applicable to all cases without regard to the date of the contract.

The amendatory act of March 4, 1916, not only makes the penalty for charging or receiving usurious interest a defense by way of set-off, but also makes it a good counterclaim, in the action to recover the debt. As a set-off or counterclaim, it falls under the provisions of the Code of Civil Procedure, and the saving clause of section 4746, Rev. Laws 1910, thereof, providing that a set-off or counterclaim "shall not be barred by the statutes (plural) of limitations until the claim of the plaintiff is so barred." Under the amendatory act of March 4, 1916, and section 4746, Rev. Laws 1910, the right to plead the penalty as a set-off or counterclaim in the action commenced by the creditor to recover on the usurious note, debt, bill, or contract, is not barred by the statute of limitations of two years, or any other statute of limitation, until the cause of action on the principal debt or obligation is barred by the statute of limitation. See Clark v. Duncanson, decided by this court September 7, 1920 (not yet officially reported). The two-year limitation runs only against the separate action to recover usurious interest actually paid.

The judgment of the trial court is reversed, and the case is remanded, with directions to try the case on the merits.

RAINEY, C. J., HARRISON, V. C. J., and KANE, PITCHFORD, JOHNSON, HIGGINS, and BAILEY, JJ., concur.