to lump sum payments in the interest of justice.

In the instant case the Commission made an award payable on a weekly basis which would total $3,462. provided there is no subsequent increase or decrease in the amount of the monthly payments. Out of this sum it has awarded, to be paid in a lump sum, the amount of $253.88. It cannot be said that this constitutes an abuse of discretion on the part of the Commission, and in view of the order of the Commission allowing credit in any event for the sum paid, we cannot say that the order is not in the interest of justice.

The petitioners contend that the order of the Commission was illegal on account of the failure to give notice of the application and hearing for payment of attorney's fee, and constitutes a taking of petitioner's property without due process of law.

However, this contention has been heretofore settled by this court, in the case of Livingston Oil Corporation v. Henson, 90 Okla. 76, 215 P. 1057.

The petition to vacate the order of the State Industrial Commission is denied.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, BAYLESS, BUSBY, and WELCH, JJ. concur. McNEILL, J., absent.

Ernest R. Brown and A. C. Brewster, for plaintiffs in error

H. A. Kehn, Co. Atty., for defendants in error.

PER CURIAM. On the 28th day of October, 1931, in a proceeding before the district court of Mayes county, a judgment was entered against the plaintiffs in error sustaining a demurrer to the petition of plaintiffs in error respecting the claims as to certain property sold and resold and bought in by the board of county commissioners of that county.

From a final order thereafter, on the 31st day of October, 1931, appellants herein attempted to predicate an appeal based upon the overruling of a motion for new trial.

This court has uniformly held that no motion for new trial is necessary or proper upon the order of the court sustaining the demurrer to the petition, and a case-made based upon the order overruling the motion for new trial is a nullity and brings nothing to this court for review unless the same is filed within six months from the original order sustaining the demurrer to the petition. Mires v. Hogan, 79 Okla. 233, 192 P. 811. The appeal is, therefore, dismissed.

### SADLER et al. v. BOARD OF COM'RS OF MAYES COUNTY.

No. 23672. Opinion Filed March 14, 1933.

### CHICKASHA COTTON OIL CO. et al. v. CAGLE et al.

No. 23343. Opinion Filed March 14, 1933.