# W. E. DOAN v. STATE.

No. A-2564.   Opinion Filed October 23, 1915.

(152 Pac. 141.)

APPEAL—Legislative Control—Dismissal Grounds.   An appeal may be taken by the defendant, as a matter of right, from a judgment of conviction, but the manner of taking and perfecting such appeal is a proper matter for legislative control, and under the statute requiring the plaintiff in error to pay to the clerk fifteen dollars advance fees, or in lieu of such payment the filing of a proper affidavit, the plaintiff in error is required to pay to the clerk such advance fees, or file such affidavit within the time prescribed by the statute for taking such appeal, and when this is not done within the time for taking such appeal, this court does not acquire jurisdiction and such an appeal will be dismissed.

*Appeal from District Court, Ottawa County;*
*Preston S. Davis, Judge.*

W. E. Doan, convicted of crime, appeals.   Appeal dismissed.

*Riddle, Bennett & Mitchell* and *O. F. Mason,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   Under an indictment preferred by the grand jury of Ottawa county, the plaintiff in error, W. E. Doan, was charged with the crime of procuring an abortion and upon his trial before a jury was convicted and his punishment fixed at fifteen days confinement in the county jail.   Judgment and sentence in pursuance of the verdict was rendered May 7, 1914.   An appeal from the judgment was attempted to be taken by forwarding a petition in error and case-made to the clerk of this court sometime in November, 1914.   The filing fee of fifteen dollars required by the statute was not deposited with the clerk of the court and he very properly refused to file the case and returned the same by express.   On October 15, 1915, the necessary deposit was made and the case was filed of that date also an application to have

the same filed as of the date first received. The attorney general thereupon filed a motion to dismiss the appeal based upon the fact that said appeal was not taken within six months from the time the judgment was rendered.

Section 7, Ch. 97, Session Laws 1913, p. 163, provides:

"Section 7. No cause shall be docketed nor process issued thereon (except where a proper affidavit as is now provided by law, or criminal causes in (which?) the state of Oklahoma is appellant) until the plaintiff in error or appellant shall pay to the clerk fifteen dollars advance fees; and when said sum shall have been exhausted by proper charges in said cause, the clerk shall require the plaintiff in error or appellant to make further deposit of a sufficient sum to cover all additional costs that may accrue in said cause:"

An appeal may be taken by the defendant, as a matter of right from any judgment in a criminal action against him, but the manner of taking and perfecting an appeal is a proper matter for legislative control; and, under the statute requiring the plaintiff in error to pay to the clerk fifteen dollars advance fees, and when said sum shall have been exhausted by proper charges to make further deposit of a sufficient sum to cover all additional costs that may accrue, or in lieu of such payment an affidavit showing that the plaintiff in error is wholly without means, and by reason of his poverty is unable to pay the costs of the appeal, the fifteen dollars advance fees must be paid to the clerk or in lieu thereof a proper affidavit must be filed in the case within six months from the date on which the judgment appealed from was rendered. In this case it is not shown that the petition in error and case-made were received at the office of the clerk within six months from the date of the judgment and the fifteen dollars advance fees were not paid to the clerk until nearly a year and a half after the date of the judgment. The plaintiff in error having failed to pay to the clerk the fifteen dollars advance fees within six months from the date of the judgment, it follows that the motion to dismiss the appeal is well taken and should be sustained. The appeal herein is therefore dismissed.

FURMAN and ARMSTRONG, JJ., concur.