## WEAVER v. WATTS.

No. 7108.    Opinion Filed February 8, 1916.

(155 Pac. 154.)

1.  APPEAL AND ERROR—Petition in Error—Time for Filing—Dismissal. Where a petition in error, accompanied by two-thirds of the amount required to be deposited for costs, is sent to and received, within the statutory period for appeals, by the clerk of this court, who holds but does not file the same and notifies the petitioner's attorney of these facts and demands the deficiency as a condition precedent to such filing, which demand, though twice repeated after the expiration of said period, is not complied with until long thereafter, whereupon the clerk advises said attorney he will file the same as of the date of its receipt, and accordingly indorses it without order of court, this court acquires no jurisdiction of the case, and the appeal will be dismissed.

2.  APPEAL AND ERROR—Dismissal—Jurisdiction. A petition in error will be dismissed on motion, even though the same is filed within the statutory period, where no waiver of issuance and service of summons is had, and no praecipe for the same is filed, and no summons is issued or general appearance made within such time.

(Syllabus by the Court.)

*Error from District Court, Wagoner County;*
*R. C. Allen, Judge.*

Action by Charles G. Watts against J. D. Weaver. Judgment for plaintiff, and defendant brings error. Dismissed.

*M. L. Williams,* for plaintiff in error.

*De Roos Bailey,* for defendant in error.

THACKER, J. The defendant in error moves and is entitled to a dismissal of the petition in error in this case upon the ground that the appeal was not "commenced within six months from the rendition of the judgment complained of," as required by section 4452, Stat. 1893

(section 5255, Rev. Laws 1910), as amended by act of February 14, 1911 (Laws 1910-11, p. 35).

The judgment was rendered, and the order overruling the motion for new trial made on February 17, 1914. On August 15, 1914, which was only two days before the expiration of the statutory period within which a proceeding in error might have been commenced in this court, the petition in error, accompanied by two-thirds of the amount required to be deposited for costs, had been sent to and was received by the clerk of this court, who on the same day wrote the attorney for plaintiff in error advising him that he had received and was holding the same, and that Session Laws of 1913, sec. 7, c. 97, p. 163, required such deposit to be $15, and demanding the $5 deficiency as a condition precedent to filing the petition, with which demand the plaintiff in error did not comply until January 21, 1915, although the clerk had on December 28, 1914, and again on January 9, 1915, repeated his original notice and demand.

There was no waiver or issuance and service of summons, or præcipe therefor, nor general appearance made within the statutory period for commencing a proceeding in error in this court.

And, because of these facts, the petition in error would have to be dismissed on the motion made, even if the same had been filed within the statutory period, therefor, which was not done. *Frazier v. Hocker,* 48 Okla. 35, 149 Pac. 1181; *Simmons v. Belvin,* 48 Okla. 1, 148 Pac. 989; *Braggs Mercantile Co. v. Richardson Dry Goods Co.,* 47 Okla. 124, 147 Pac. 1194; *Rackliffe-Gibson Const. Co. v. Clingenpeel,* 43 Okla. 181, 141 Pac. 964; *Tupelo*

*Townsite Co. v. Cook,* 43 Okla. 199, 141 Pac. 1167; *Mc-Murtry v. Byrd,* 23 Okla. 597, 101 Pac. 1117.

The petition in error is dismissed.

All the Justices concur.