### CONTINENTAL BENEFICIAL ASS'N v. GRAY.

No. 8309—Opinion Filed Jan. 8, 1918.

(169 . Pac. 1070.)

(Syllabus.)

#### Appeal and Error—Time for Taking Appeal —Dismissal.

Where plaintiff in error fails to file his appeal in this court within six months from the date of the rendition of the judgment or order appealed from, as required by chapter 18, Sess. Laws 1910-11, the same will be dismissed for want of jurisdiction.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by Fannie E. Gray against the Continental Beneficial Association. Judgment for plaintiff, and defendant brings error. Dismissed.

Hainer, Burns & Toney, for plaintiff in error.

T. J. McComb and Stephen C. Treadwell, for defendant in error.

SHARP, C. J. This cause is before us on motion of defendant in error to dismiss the appeal, on the ground that the case-made and petition in error were not filed in this court within six months from the day on which the motion for new trial was overruled. It appears from an examination of the record that final judgment was entered and motion for new trial overruled November 13, 1915. The petition in error,

with copy of case-made attached, was filed in this court on May 15, 1916.

On the part of plaintiff in error, it is claimed that the appeal was filed in time, because, it says, May 14, 1916, fell on Sunday, and hence, according to sections 2932 and 2937, Rev. Laws 1910, the petition in error might properly be filed on the Monday immediately following, or May 15th. Neither of the statutes is applicable, nor is section 5341, Rev. Laws 1910, which provides that the time within which an act is to be done shall be computed by excluding the first day and including the last, and that, if the last day be Sunday, it shall be excluded, for the reason that the last day, or May 13, 1916, did not fall on Sunday, but instead, on Saturday. Had the last day of the six months' period, or May 13th, fallen on Sunday, the latter provision of section 5341, excluding Sunday, would have given the plaintiff in error an additional day. But as the last day of the six months' period in which the proceedings for reversing the judgment or final order of the district court (chapter 18, Sess. Laws 1910-11, p. 35) was Saturday, May 13th, it is of no consequence that the following day was Sunday. Southern Pine Lumber Co. v. Ward, 16 Okla. 131, 85 Pac. 459; Thomason et al. v. Champlin, 43 Okla. 86, 141 Pac. 411; Wahl v. White Sewing Mach. Co., 45 Okla. 805, 147 Pac. 301.

The last day for filing proceedings in error in this court being on Saturday, May 13th, the court acquired no jurisdiction by the filing of the petition in error and case-made on Monday, May 15th, or more than six months from the rendition of the final order complained of.

The appeal must therefore be dismissed.

All the Justices concurring.