## In re SPRINGER.

## In re INCORPORATED CITY OF McALESTER.

No. 10493—Opinion Filed July 1, 1919.

(Syllabus by the Court.)

1. **Municipal Corporations—Change of Government—Initiative Petition — Requisites for Appeal.**

Where an initiative petition to change the form of government of a city has been filed with the city clerk, and where the city clerk decided that he was "without jurisdiction, power, or authority of law to hear and determine the matters and things set forth" in a certain protest filed therein, and an appeal was taken to the Supreme Court, petition in error must be filed therein, and the advance docket fees required by law must be paid to the clerk of this court, within ten days after the "decision" was made.

2. **Appeal and Error—Time for Proceedings —Docket Fees—Dismissal.**

Where a petition in error has been filed in this court after the expiration of the ten-day period, and where the advance docket fees required by law have not been paid or tendered to the clerk of this court within such time, upon motion the appeal will be dismissed.

Error from City Clerk of McAlester; J. M. Gannaway, Clerk.

Protest filed by C. Springer against a petition to change the present form of the city government of the city of McAlester, Okla., to a managerial form. Judgment for defendant, and plaintiff brings error. Dismissed.

William H. Scott, for plaintiff in error.

Guy L. Andrews, Geo. M. Porter, J. S. Arnote, and W. J. Horton, for defendant in error Gus A. Gill.

SHARP, J. This action was commenced by C. Springer filing with the city clerk of McAlester, Okla., a protest against the sufficiency of an initiative petition which had been filed with said clerk on January 31, 1919, for the purpose of changing the form of government of the city of McAlester to a managerial form. The hearing was set for February 17th, at which time the parties were heard in oral argument, and on February 19th the city clerk held that under

the statutes he had no jurisdiction of the subject-matter of the proceeding. Springer brought the case to this court by petition in error filed March 4, 1919. Upon the same day the advance deposit of fees required by law in such cases was paid. Defendant in error, Gus A. Gill, filed motion to dismiss.

Section 3375, Rev. Laws 1910, makes it the duty of the Secretary of State, in cases where citizens of the state have filed with him a petition initiating a proposition of any nature, whether to become a statute or an amendment to the Constitution, or for the purpose of invoking a referendum upon legislative enactments upon protest by any citizen and proper notice thereof, to hear testimony and arguments for and against the sufficiency of said petition, and to decide whether such petition be in form as required by the statutes. His decision shall be subject to appeal to the Supreme Court, but such appeal must be taken within ten days after the decision of the Secretary of State has been made. The same rule, it is claimed, applies by analogy in cases wherein it is sought to appeal from the decision of a city clerk in initiative proceedings. An appeal from the decision of the city clerk, if allowable under the foregoing statute, must, in order to bring the case within the jurisdiction of the Supreme Court, be filed within ten days after the decision of the city clerk. In the present case this was not done. The ten-day period expired on March 1st; no advance fees were paid and no petition in error was filed or tendered for filing until March 4th.

The rule is well established in this state that a failure to file a petition in error within the statutory period is valid ground for dismissal. Thomason et al. v. Champlin, 43 Okla. 86, 141 Pac. 411; Gilmore et al. v. First Nat. Bank of Ada, 43 Okla. 151, 141 Pac. 433; Caswell et al. v. Eaton, 43 Okla. 718, 144 Pac. 591; Continental Beneficial Ass'n v. Gray, 67 Oklahoma, 169 Pac. 1070. Likewise a failure to pay or tender to the clerk of the Supreme Court the advance deposit of fees required by statute within the prescribed time is a valid ground for dismissal. Weaver v. Watts, 53 Okla. 116, 155 Pac. 514; Wainwright v. State, 11 Okla. Cr. 547, 149 Pac. 914; Doan v. State, 12 Okla. Cr. 98, 152 Pac. 141.

The plaintiff in error having failed to file petition in error within ten days from the date of the decision of the city clerk, and the advance fees not having been paid or tendered the clerk of the Supreme Court within such time, the motion to dismiss the appeal should be sustained; and it is accordingly so ordered.

RAINEY, KANE, PITCHFORD, McNEILL, and HIGGINS, JJ., concur.