### In re INITIATIVE PETITION NO. 1, CITY OF HOMINY.

No. 16253—Opinion Filed June 16, 1925.

(Syllabus.)

**Appeal and Error—Municipal Corporations —Initiative Petition—Sustaining Protest —Time for Appeal.**

Where an appeal from the decision of the mayor of a city sustaining a protest to the sufficiency of an initiative petition is not filed within ten days after the decision, this court acquires no jurisdiction.

Appeal from Decision of Mayor of City of Hominy; M. J. Westbrook, Mayor.

In re Initiative Petition No. 1, City of

Hominy, Okla. . Protest by S. J. Smallwood et al. sustained, and appeal taken by petitioners. Appeal dismissed.

Shell S. Bassett, for petitioners.

Henry H. Wood, Hugh C. Jones, and N. E. McNeill, for protestants.

PER CURIAM. This action was begun by S. J. Smallwood et al. filing with M. J. Westbrook, mayor of the city of Hominy, Okla., a protest against an initiative petition which had been filed with said mayor for the purpose of granting a franchise to the Peoples Light & Power Company to install an electric light plant in the city of Hominy. The protest was heard by the mayor on the 10th day of February, 1925, and sustained, to which petitioners excepted and gave notice of appeal. Petition in error was filed in this court on the 31st day of March, 1925, and protestants move the court to dismiss.

In initiative measures relating to the people of the state at large, section 6631, C. O. Stat. 1921, provides that initiative petitions shall be filed in the office of the Secretary of State and that any citizen of the state may within ten days by written notice to the Secretary of State and to the party or parties who filed said petition protest against the same, at which time he will hear testimony and argument for and against the sufficiency of such petition, and after such hearing the Secretary of State shall decide whether such petition be in form as required by the statute, and his decision shall be subject to appeal to the Supreme Court of the state, provided that such appeal must be taken within ten days after the decision of the Secretary of State has been made.

Section 6647, C. O. Stat, 1921, provides that in all cities, counties, and other municipalities which do not provide by ordinance or charter for the manner of exercising the initiative and referendum powers reserved by the Constitution to the whole people thereof as to their municipal legislation, the duties required by the Governor and Secretary of State by this chapter as to state legislation shall be performed as to such municipal legislation by the chief executive and chief clerk.

It is contended that if an appeal is taken from a decision of a city official it must be subject to the same time limitation as if taken from a decision of the Secretary of State. The city of Hominy has not provided by ordinance, or charter, in so far as is disclosed in the record the manner of exercising the initiative and. referendum, and the procedure therefore must be governed and controlled by the statute. It does not appear from the record whether the City has a chief clerk, but if it has, the initiative petition should have been filed in his office and the protest proceedings conducted before him. Whether an appeal lies from the decision of a city clerk or mayor under the statute has not been raised and is not decided, but if allowable at all, it must be filed in the Supreme Court within ten days after the decision, and in the case at bar that was not done.

The appeal is dismissed. In re Springer (In re Incorporated City of McAlester), 75 Okla. 118, 182 Pac. 713.