## CONVERSE et al. v. BERRY.

No. 19323.   Opinion Filed June 12, 1928.

(Syllabus.)

**1.  Appeal and Error—Statutory Cost Deposit as Necessary Coincident of Filing Petition in Error.**

The filing of a petition in error depends upon the terms of statute authorizing it, and will not become operative until the requisites are first complied with, and if a fee is made a necessary coincident thereto, no filing is accomplished or effected without the payment of such fee.

**2.  Same—Dismissal of Proceeding in Error not Filed Within Six Months.**

Where a proceeding in error is not filed in this court until after the expiration of six months from the date of the judgment or order appealed from, it will be dismissed for want of jurisdiction.

Error from District Court, Woods County; Arthur G. Sutton, Judge.

Action between H. L. Converse et al. and Minnie T. Berry.  From the judgment, the former bring error.  Dismissed.

E. W. Snoddy and McCullom & Aucoin, for plaintiffs in error.

Hadwiger & Hadwiger, for defendant in error.

PER CURIAM.  This is an appeal from a judgment of the district court of Woods county rendered on the 26th day of October, 1927.  The petition in error with transcript was received by the clerk of this court on the 25th day of April, 1928, accompanied by the sum of $5 as a cost deposit in said cause.  On the same day the clerk of this court returned the $5 to the attorneys for the plaintiffs in error by mail and informed them that the cost deposit required under the law of this state was $25.  Upon the receipt of this information the attorneys for plaintiffs in error forwarded to the clerk of this court the required amount, which was by her received on the 30th day of April, 1928, and the petition in error with transcript attached filed April 30, 1928.  The time in which to file this appeal expired on the 26th day of April, 1928, and the defendant in error has filed her motion to dismiss the appeal for the reason the petition in error was not filed in this court within the six months allowed by law.

This court has in a long line of decisions held that:

"Where a proceeding in error is not filed in this court until after the expiration of six months from the date of judgment or order appealed from, it will be dismissed for want of jurisdiction." Wiley v. New Home Sewing Machine Co., 128 Okla. 281, 262 Pac. 674; Brigham v. Davis, 126 Okla. 90, 258 Pac. 740; Verschoyle v. McDaniels, 127 Okla. 166, 260 Pac. 55; Morrison v. Swink, 128 Okla. 97, 261 Pac. 209.

Plaintiffs in error have responded to the motion to dismiss and urge that the petition in error with transcript attached having been received by the clerk of this court on April 25, 1928, it was under the law filed on that date, under the rule laid down in the case of State National Bank v. Lowenstein et al., 52 Okla. 259, 155 Pac. 1127, that:

"The date of filing papers is that upon which they are deposited with the proper custodian, and not that upon which they are marked 'Filed,' and the filing is the actual delivery to the clerk, without regard to any action that he may take thereon,"

—and therefore was filed within the time allowed by law in which to appeal.

The filing of the petition in error depends upon terms of the statute authorizing it, and will not become operative until the requisites are first complied with, and if a fee is made necessary coincident thereto, no filing is accomplished or effected without payment of such fee.  Chapter 102, Sess. Laws 1927, in so far as applicable to the facts in this case, provides:

"In each case hereafter filed in the Supreme Court, and at the time of filing the same, there shall be deposited with the clerk as costs in said cause, twenty-five ($25) dollars."

—which provision has been the law in this state since 1921.  See section 3036, C. O. S. 1921.

In the case of Seattle Lumber Co. v. Richardson & Elmer Co., 120 Pac. 517, the Supreme Court of the state of Washington held that under a statute providing that a materialman must deliver or mail a duplicate statement of such material to the owner "at the time" the material is delivered to the contractor, the act of delivery of the material and the giving of the notice must be coincident.

The Supreme Court of the state of Oregon, in the case of Hilts v. Hilts, 72 Pac. 697, construing a statute providing that upon filing of a transcript the appellant should pay to the clerk the sum of $15 in advance, held, that the deposit of the filing fee with the clerk was a prerequisite to the filing, and where not made within the time pre-

scribed, the transcript could not be considered, and the appeal would be dismissed.

While the statute under consideration does not use the words "in advance," the language is such as to make the filing of the petition in error dependent upon making the necessary cost deposit coincident therewith. Under this law, the filing of a petition in error consists of two acts, one of which is the delivery of the petition in error to the clerk, and the other is the making of the cost deposit. Neither act, standing alone, is a filing.

The plaintiffs in error plead as an excuse their unfamiliarity with the law of this jurisdiction (they reside in Kansas City, Mo.). The petition in error shows E. W. Snoddy to be an attorney for plaintiffs in error, and had they consulted with him, no doubt the necessary information would have been obtained, or had he been intrusted with the filing of this appeal, we are sure the necessary cost deposit would have accompanied the petition in error.

For the reasons above stated, we determine the petition in error was not filed within the six months provided by law in which to file the same, and the appeal is dismissed.

Note.—See under (1) 3 C. J. p. 1103, §1135; 2 R. C. L. p. 100; 1 R. C. L. Supp. p. 396; 4 R. C. L. Supp. p. 81; 7 R. C. L. Supp. p. 32. (2) 3 C. J. p. 1055, §1054; 2 R. C. L. p. 104; 1 R. C. L. Supp. p. 398; 6 R. C. L. Supp. p. 67.