**TRANSOK PIPE LINE COMPANY, a corporation, and the State of Oklahoma, Appellees,**

v.

**Maxwell DARKS, Appellant.**

**No. 46762.**

Supreme Court of Oklahoma.

Oct. 9, 1973.

Robert L. Lawrence and Charles B. Crane, Tulsa, for appellee Transok Pipe Line Co.

Carl Michael Smith, Oklahoma City, for appellant.

WILLIAMS, Vice Chief Justice.

Appellant seeks review of a decision by the Oklahoma Corporation Commission henceforth called Commission, in the exercise of regulatory powers under the Oil and Gas Conservation Act. Appellee,

Transok Pipe Line Company has sought dismissal of the appeal for lack of jurisdiction. The motion to dismiss is sustained.

█ In cause numbered CD 35868 the Commission entered a final order numbered 96291 on March 5, 1973 which order constituted a certificate required under the provisions of 52 O.S.1971, § 36.4, as a condition precedent to the exercise by the applicant of eminent domain for the purpose of underground storage of natural gas. Thereafter appellant sought before the trial tribunal to vacate order numbered 96291. By order numbered 98837, entered July 23, 1973, the trial tribunal denied the application to vacate order numbered 96291, whereupon appellant commenced this appellate proceeding by petition in error filed July 31, 1973. The appeal is dismissed for the want of jurisdiction as a consequence of failure to lodge the appeal within the interval allowed by 52 O.S.1971, § 113, effective October 1, 1971.

█ The cited section provides that an appeal from an order of the Corporation Commission entered in the exercise of the power here exercised must be commenced within thirty days from the date on which the order appealed from shall have been made. Civil Appeals Rule 1.76(a), Part III. The petition in error here ostensibly seeks review of an order entered July 23, 1973, numbered 98837 which is an order refusing to vacate order numbered 96291. The thrust of the petition in error is nevertheless to challenge order numbered 96291. The application by the appellant before the trial tribunal was an application to vacate a judgment. A pleading whether a motion for new trial, reconsideration, re-examination, rehearing or to vacate cannot operate to extend the time for commencement of appellate proceedings to review a decision of the Corporation Commission. Civil Appeals Rules 1.75 & 1.76.

█ Mode of and time for commencing appeals from the Oklahoma Corporation Commission are governed by applicable statutes and by Civil Appeals Rule 1.86.

Subsection (a) of Rule 1.86 which was adopted prior to the amendment of 52 O. S.1971, § 113 has not been amended to conform to the amendment to the statute. A Court rule may not contravene a statute and where these are inconsistent the statute must prevail. All appeals to this Court are governed by 12 O.S.1971, § 990. The interval prescribed for commencement of an appeal is jurisdictional. 12 O.S.1971, § 992. It is the duty of an appellate court to inquire into its jurisdiction and to dismiss an appeal where jurisdiction is non-existent. Long v. McMahan, 205 Okl. 696, 241 P.2d 185.

Appeal dismissed.

IRWIN, BERRY, HODGES, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.

DAVISON, C. J., not participating.