**In the Matter of MILTON H., a child under the age of 18 years.**

**No. 50730.**

Supreme Court of Oklahoma.

July 15, 1980.

James A. Clark, Ardmore, for appellant.

Ronald E. Worthen, Dist. Atty., Ardmore, for appellee.

SIMMS, Justice:

Attorney James Clark was appointed by the District Court of Carter County to represent Milton H., an indigent juvenile, in a delinquency proceeding. The petition alleged that Milton H. had committed two separate felonies and prayed that he be certified to stand trial as an adult. In this appeal, Mr. Clark contends that the trial court's award of an attorney fee in the amount of $75.00 to him for his efforts on behalf of his client is inadequate and constitutes an abuse of discretion. The adequacy of the attorney fee is the only issue of this appeal.

The facts are not in dispute. Mr. Clark had numerous conferences with Milton and his parents, he spent considerable time preparing for trial and made several court appearances. Mr. Clark successfully defended his juvenile client against the state's attempt to certify him to stand trial as an adult and one charge was dismissed. Ultimately Milton was adjudicated a delinquent child, made a ward of the court, and his custody was placed with the Department of Institutions, Social and Rehabilitative Services.

Upon Mr. Clark's written application for attorney fees which was supported by an exhibit outlining his services and time spent on the case, the court found that Mr. Clark had performed those services, that the reasonable value of those services was $500.00 and that $500.00 would be a reasonable fee if Mr. Clark had been retained by a non-indigent juvenile. The court found, however, that the District Court of Carter County had adopted a schedule of attorney fees to be paid in indigent cases which took into consideration the "existing and reasonably foreseeable demands on the court fund for attorney fees" in other indigent cases. The scheduled fee to be paid in juvenile certification cases was $75.00 and the court ordered Mr. Clark to be paid that amount from the court fund for his attorney fees.

Mr. Clark was appointed by the court pursuant to 10 O.S.1971, § 1109(a), which provides:

"(a) No information gained by questioning a child nor any evidence subsequently obtained as a result of such information shall be admissible into evidence against the child unless the questioning about any alleged offense by any law enforcement officer or investigative agency, or employee of the court; or the Department is done in the presence of said child's parents, guardian, attorney, or legal custodian of the child, and not until the child and his parents, or guardian, or other legal custodian shall be fully advised of their constitutional and legal rights, including the right to be represented by counsel at every stage of the proceedings, and the right to have counsel appointed by the court if the parties are without sufficient financial means; provided, however, that no legal aid or other public or charitable legal service shall make claim for compensation as contemplated herein. It is further provided that where private counsel is appointed in such cases, the court shall set reasonable compensation and order the payment thereof out of the court fund.

\* \* \* "

Both parties agree that under this statute the trial judge, may, as a matter of discretion, fix a "reasonable" fee for an attorney's service. Mr. Clark contends that in this case, however, $75.00 is not a reasonable fee.

The fee schedule of Carter County as it pertains to certification hearings does not necessarily conflict with 10 O.S.1971, § 1109; but it does conflict with 10 O.S. 1971, § 24(b), which provides:

"In all cases other than in countries where Public Defenders are appointed, the court shall, where counsel is appointed and assigned allow and direct to be paid by the country in which the proceedings or trial is held, out of the court fund of said county, a reasonable and just compensation to the attorney or attorneys for such services as they may render. Provided, that such attorney shall not be paid a sum to exceed One Hundred Dollars ($100.00) for services rendered in preliminary proceedings and such compensation shall not exceed Two Hundred Fifty Dollars (250.00) for services rendered during trial."

 The ceiling on attorney fees for a certification hearing is lower by rule of the district court than that established by statute. Given that obvious conflict with § 24, the rule cannot be relied on by the district court to deny Mr. Clark the fee to which he is entitled by statute. A court rule may not contravene a statute and where the rule and the statute are inconsistent, the statute must prevail. *Transok Pipe Line v. Darks, Okl., 515 P.2d 218 (1973)*.

As with other statutory enactments establishing a maximum amount of attorney fees, the provisions of 10 O.S.1971, § 24(b) do not prohibit district courts from adopting guidelines to implement the determination of a reasonable fee under the statute, so long as those guidelines do not proscribe allowance of a total fee contrary to the statute.

We therefor reverse the judgment of the district court and remand with instructions to hold a hearing to determine Mr. Clark's attorney's fee under the provisions of 10 O.S.1971, § 24.

All the Justices concur.