**In re Adjudication of Sufficiency of Initiative Petition No. 16, filed with the City of Muskogee, Oklahoma on September 11, 1981.**

**Coleman B. FITE, in his capacity as Mayor of the City of Muskogee; Diana Lee Sweeden in her capacity as City Clerk of the City of Muskogee; and City of Muskogee, a municipal corporation, Appellants,**

**v.**

**Meredith LACEY, an individual; John Loyd, an individual, for themselves and for others similarly situated, Appellees.**

**No. 60056.**

Supreme Court of Oklahoma.

Nov. 20, 1984.

Steve Cousparis, City Atty., Muskogee, for appellants.

Chapel, Wilkinson, Riggs, Abney & Henson, Tulsa, for appellees.

BARNES, Chief Justice:

Initiative Petition No. 16 of the City of Muskogee calling for a special election on a proposed amendment to the city charter is the subject of this appeal. The amendment provides for the adoption of the state law pertaining to collective bargaining and arbitration for firefighters and police officers.[1] However, unlike the state law, the amendment provides for *binding* arbitration on unresolved bargaining issues.

Signed copies of the initiative petition were properly filed with the city clerk who later caused to be published a notice of the filing of the petition and a declaration of its insufficiency which stated:

> The subject of the INITIATIVE PETITION NO. 16 is not a subject reserved under the Initiative Provisions of the Constitution of the State of Oklahoma, and for said reason above, said petition is alleged to be insufficient and is hereby so declared.

> You are hereby notified that any qualified elector of the City of Muskogee, Oklahoma, may file a protest to INITIATIVE PETITION NO. 16, or an objection to the Ballot Title. A protest to petition or the Ballot Title shall be filed in the District Court of Muskogee County within ten (10) days after the publication.

The proponents of the initiative petition filed an action in district court against the city clerk, the mayor and the City of Muskogee protesting the findings and conclusions contained in the published notice. The district court ruled that the subject matter of the petition was legislative in nature, making it a proper topic for an initiative petition. The court ordered the

---

1. 11 O.S.1981 § 51–101 et seq.

proposed amendment be submitted to a vote of the people.

On appeal, we are asked to determine two issues:

1) Does the district court have jurisdiction to consider an appeal from the ruling of a city clerk concerning the sufficiency of an initiative petition?

2) Was the subject of the proposed amendment a proper one for an initiative petition?

Appellants maintain that Rule 1.170, Rules of the Supreme Court, Appellate Procedure, required that such an appeal be filed in this court rather than the district court. Rule 1.170, which was revoked on December 1, 1983, was in effect when the city clerk published the notice of insufficiency. That rule provided:

An appeal from a decision of the Secretary of State or of a chief clerk of a city passing on the legality or sufficiency of an initiative or a referendum petition may be commenced by filing in this court, within 10 days after such decision has been made, a petition for review with four copies. 34 O.S.1961 § 8. This time limit may not be extended either by the tribunal or by this court; *In re Initiative Petition No. 2 of Cushing*, 157 Okl. 54, 10 P.2d 271; *In re Initiative Petition No. 281, State Ques. No. 441*, Okl., 434 P.2d 941.

The appellees, in their petition filed in district court, stated that the action was filed pursuant to 11 O.S. § 15–104 which provides in part:

B. A protest to the petition or the count of signatures shall be filed in the district court in the county in which the situs of the municipality is located within ten (10) days after the publication. Written notice of the protest shall be served upon the clerk and the parties who filed the petition. In the case of the filing of an objection to the count, notice shall also be served upon any party filing a protest. The district court shall fix a day, not less than ten (10) days after the filing of a protest, to hear testimony and arguments for and against the sufficiency of the petition. A protest filed by anyone, if abandoned by the party filing it, may be revived within five (5) days by any other qualified elector. After the hearing, the district court shall decide whether such petition is in form required by law.

To understand the process for determining the sufficiency of initiative petitions, a summary of the development of that procedure is helpful. Article 18, § 4(a) of the Oklahoma Constitution reserves to the people of every municipal corporation the powers of the initiative and referendum. Oklahoma Statutes, Title 34, entitled "Initiative and Referendum" is divided into three subsections—General Provisions, Municipal Questions and Miscellaneous, Including Constitutional Amendments. The second subsection included sections 51–54. In section 51, it was provided that in municipal questions, the duties of the chief executive, city clerk and city attorney are analogous to those duties prescribed for the governor, secretary of state and attorney general on state questions. It further provided that "[t]he procedure in municipal legislation shall be as nearly as practicable, the same as the initiative and referendum procedures for measures relating to the people of the State at large."

Rule 1.170, adopted by this court and in effect since January 1, 1970, provided the time and manner of appealing from the decision of the Secretary of State or a city clerk and cited 34 O.S.1961 § 8, which, when coupled with § 51, would have been the only authority for the procedure to appeal a decision on the sufficiency of a municipal initiative petition. The appeal would be filed in the Supreme Court.[2]

However, in 1978, sections 51–54 were repealed and at the same time, the Munici-

---

**2.** It should be noted that 34 O.S. § 8 was amended in 1973 to provide that the Supreme Court, not the Secretary of State, conducts the count of signatures. Once completed, the court directs the Secretary of State to publish a notice regarding the sufficiency or insufficiency of the petition along with the procedure to file a protest or objection.

pal Code, 11 O.S. § 1–101 et seq., was adopted containing provisions for initiative and referendum petitions on municipal questions. Section 15–104 gives the procedure for protests to the petition or count of signatures made by the city clerk.

On October 6, 1981, when the notice of insufficiency of Initiative Petition No. 16 was published and the appeal time began to run, sections 51–54 had been repealed for more than three years. The 1981 Oklahoma Statutes list the date on which the sections were repealed and refer the reader to four provisions in Title 11, one of which is § 15–102 which states in part:

> The procedure in municipalities which do not provide by ordinance or charter for the manner of exercising the initiative and referendum powers shall be governed by the Oklahoma Constitution and general state law, *except as otherwise provided in Sections 15–101 through 15–110 of this title.* (emphasis added)

Title 34, would therefore, determine the procedure for municipal initiative and referendum petitions unless the city charter contained a controlling provision, or if not, unless 11 O.S. §§ 15–101 through 15–110 contained a specific provision. The Muskogee city charter contains a single section which provides only that the procedure shall be in conformance with the Constitution and state laws. A specific procedure for filing a "protest to the petition or the count of signatures" is found in 11 O.S. § 15–104B, quoted above.

Appellants contend that Rule 1.170 controlled the procedure and that it was unaffected by the adoption of 11 O.S. § 15–104. The court rule, they contend, should control in the instant case because it provided the procedure for an appeal "from a decision ... of a chief clerk of a city passing on the legality or sufficiency of an initiative or referendum petition". The district courts, appellants maintain, under 11 O.S. 15–104, only have the authority to hear a *protest* to the petition or the count when filed by qualified electors.

Such an interpretation would result in an illogical dichotomy of jurisdiction based upon whether or not the city clerk found the petition to be sufficient. If the petition was ruled sufficient, the appeal could be filed either in this court, under Rule 1.170, or in district court, pursuant to § 15–104. However, if the petition was found to be insufficient, the court rule would control and the appeal would be to this court.

■ This court said in *Transok Pipe Line Co. v. Darks*, 515 P.2d 218 (Okl.1973), that a court rule "may not contravene a statute and where these are inconsistent the statute must prevail." Therefore, we hold that 11 O.S.1981 § 15–104 provides the procedure for appeals regarding the sufficiency of municipal initiative and referendum petitions. Under that statute, the appeal was properly commenced in the district court of the county in which the municipality was located.

We turn next to the question of whether or not the proposed charter amendment was a proper subject for an initiative petition. It would adopt the state laws on collective bargaining and arbitration for firefighters and police officers, but would require that the arbitration be binding. Collective bargaining as defined by 11 O.S. 1981 § 51–102 involves the subjects of "wages, hours and other conditions of employment". Under the proposed amendment, if either party so desires, unresolved issues are submitted to binding arbitration. A three-member panel of arbitrators would conduct an informal hearing, receive evidence and issue a written opinion which would be binding upon both sides.[3]

This court has repeatedly held that the constitutionally reserved powers of initiative and referendum apply only to legislative matters and not to administrative acts. Okl. Const. Art. 18, § 4(a) provides:

> The powers of the initiative and referendum, reserved by this Constitution to the people of the State and the respective counties and districts therein, are hereby reserved to the people of every municipal corporation now existing or which shall

---

**3.** See 11 O.S.1981 §§ 51–107, 51–108.

hereafter be created within this State, with reference to all legislative authority which it may exercise, and amendments to charters for its own government in accordance with the provisions of this Constitution.

In *Brazell v. Zeigler*, 26 Okl. 826, 110 P. 1052 (1910), this court stated that acts which are subject to the initiative and referendum powers "must be considered in the sense of general laws, namely rules of civil conduct prescribed by the lawmaking power and of general application ... the law is said to be a rule, not a transient, sudden order to and concerning a particular person, but something permanent, uniform and universal."

The distinction between subjects of a temporary nature and those of a permanent character is also discussed in McQuillin, Municipal Corporations, § 1655 (3rd ed. 1981). A pertinent portion of that discussion provides:

> Actions relating to subjects of a permanent and general character are generally regarded as legislative, and those providing for subjects of a temporary and special character are regarded as administrative ... Obviously, details which are essentially of a fluctuating sort, due to economic or other conditions, cannot be set up in and by an Ordinance to be submitted to the vote of the people.

Collective bargaining with compulsory binding arbitration is a tool of personnel management which involves the consideration of a number of factors which are subject to change. Variable economic conditions, distribution of work force and a number of ever-changing factors which effect the work environment must be taken into consideration. Periodic re-examination of established policies is necessary for effective personnel management. Such a process cannot logically be said to be of a permanent character. Due to this lack of permanence, it is more properly characterized as an administrative function of elected officials.

We have previously held that fixing a rate structure for a municipal utility was an administrative action, *In re Supreme Court Adjudication of Initiative Petitions in Norman, Okla., Numbered 74–1 and 74–2*, 534 P.2d 3 (Okl.1975), and fixing salaries of police officers was an administrative matter, *In re Supreme Court Adjudication of Sufficiency of Initiative Petition in Tulsa, Okla.*, 597 P.2d 1208 (Okl. 1979). In both of these earlier cases, economic conditions were of prime importance in the decision-making process which was the topic of the initiative petition.

■ This is also true in the instant appeal. The end result of the proposed charter amendment is a binding decision involving wages, hours or other conditions of employment, made by a panel of arbitrators, not elected officials. Due to the lack of permanence of the factors affecting such a decision, it must be considered an administrative function. We therefore hold that the topic of the initiative petition before us is administrative in nature and not subject to the initiative process. Initiative Petition No. 16 of the City of Muskogee is declared insufficient for the above-stated reasons. The judgment of the trial court is reversed.

HODGES, LAVENDER, DOOLIN, HARGRAVE and WILSON, JJ., concur.

SIMMS, V.C.J., concurs in result.

OPALA, J., concurs only in that part which deals with the jurisdictional issue and dissent from that part which prematurely decides the tendered character-of-the-measure issue in advance of the measure's adoption in an election.

KAUGER, J., concurs in part, dissents in part.