Dennis HAYNES, Petitioner,

v.

TULSA PUBLIC SCHOOLS TRANSIT, and the Oklahoma Workers' Compensation Court, Respondents.

No. 82938.

Supreme Court of Oklahoma.

July 12, 1994.

Wilson Jones, Jones–Zurawik, Tulsa, for petitioner.

Catherine Bashaw, Rosenstein, Fist, & Ringold, Tulsa, for respondents.

SUMMERS, Justice.

On January 4, 1994, the trial judge of the Workers' Compensation Court entered and mailed an order denying Claimant any benefits. On January 24, 1994, at 5:05 p.m. the Claimant's petition for review was hand-delivered to a member of the Court Clerk's staff. The computer records of the Clerk's office disclose that the required $200 cost deposit was not received until the next day. Respondent moves to dismiss the petition for review as untimely.

█ Any Workers' Compensation Court litigant desiring to appeal an order of that Court must, within 20 days after a copy of the decision has been sent to the parties, commence an action for review in this Court. 85 O.S.1991 § 3.6(B); Rules for Appellate Procedure in Civil Cases, Rule 1.100(a). A rule describes what is required to commence a Workers' Compensation Court review proceeding in this Court:

The proceeding shall be commenced by:

(a) Filing a petition for review with four copies with the clerk of this court within the time prescribed in Rule 1.100(a).

Rules for Appellate Procedure, Rule 1.101. Although that quoted rule uses a paragraph numbered "(a)", there is no paragraph "(b)" or subsequent paragraph imposing any additional requirement for commencement of the review proceeding.

Claimant's petition for review filed January 24th, on the 20th day, satisfies the Work-

ers' Compensation statute and Rule, and is therefore timely, unless failure to remit the costs until the next day makes it out of time. This is the principal issue to be resolved on the motion to dismiss.

Respondent no doubt relies on *Brown v. Butler*, 194 Okla. 46, 146 P.2d 1010 (1944). In *Brown* and other more recent cases, mostly by unpublished orders, we dismissed as untimely appeals from the District Court where the cost deposit did not meet the 30–day deadline for appeals in such cases, even though the petition in error did. But notice the disparity between the requirement for commencing a Compensation Court appeal, as quoted above in Rule 1.101, and for commencing a District Court appeal under Rule 1.14.

> (a) *Manner of Commencing Appeal.* An appeal from a decision of the trial [district] court shall be commenced by:
>
>> (1) Filing a petition in error ... within the time prescribed in Rule 1.11 [30 days];
>>
>> (2) Remitting to the Clerk of the Supreme Court the cost deposit provided by statute....

Rules for Appellate Procedure, Rule 1.14. Thus the rule on appeals from District Courts requires both the filing of the petition in error *and* payment of costs as conditions of commencement, whereas the rule on appeals in Compensation Court cases states that a review proceeding is commenced simply by filing a petition for review.

Further, the Compensation Court Rules go on to say this:

> Any defect in taking a proceeding other than failure to timely file a petition for review, must be disregarded unless a substantial right of the complaining party is affected, and no such defect, if correctable, shall result in dismissal of the appeal.

1. The pertinent provisions of Rule 1.101(a), Rules on Perfecting a Civil Appeal, 12 O.S.1991, Ch. 15, App. 2, are:
   "The proceeding shall be commenced by:
   (a) Filing a petition for review with four copies with the clerk of this court within the time prescribed in Rule 1.100(a)...."

2. The terms of 20 O.S.Supp.1993 § 15 are:

Rules for Appellate Procedure, Rule 1.101. We conclude that the Claimant's petition for review timely commenced the action in this Court. The cost deposit required by statute is not jurisdictional in Compensation Court appeals, and no substantial right of the Respondent was affected. (Of course, a Compensation Court appeal is subject to dismissal if the costs are simply not paid. 20 O.S. 1993 Supp. § 15).

■ Respondent also complains in its motion to dismiss that the Claimant did not timely comply with Rule 1.14 requiring the mailing of a copy of the petition for review to the Respondent. The Respondent apparently received notice of the review proceeding in a manner sufficient to file a timely response, and makes no claim that any substantial right was affected. The portion of Rule 1.101 last quoted above disposes of that argument.

The motion to dismiss is denied.

HODGES, C.J., LAVENDER, V.C.J., and SIMMS, HARGRAVE, ALMA WILSON and WATT, JJ., concur.

KAUGER, J., concurs in result.

OPALA, J., dissents.

OPALA, Justice, dissenting.

Today the court holds that the cost deposit in a workers' compensation review proceeding may be accepted as timely even though it was made *after the lapse of the twenty-day period for filing a petition for review.* The opinion's rationale rests on the absence of an express command in Rule 1.101(a)[1] that costs be remitted to the clerk simultaneously with the delivery of a petition for review (or at least within the maximum time for lodging the review proceeding). The court's pronouncement is contrary to the statutory cost-deposit regime (20 O.S.Supp.1993 § 15)[2] as well as to the cost requirements of Rule

"In each case filed in the Supreme Court, *and at the time of filing same,* there shall be deposited with the Clerk as costs in said cause Two Hundred Dollars ($200.00) of which no rebate of any part thereof shall be made; provided, the Supreme Court may prescribe by rules the procedure for affording access to that Court, without the deposit of costs, to those indigent

1.14.[3] These provisions *apply to district court appeals as well as to review proceedings from other tribunals.* The court's view violates the uniformity-of-procedure mandate in Art. 5, § 46, Okl. Const.[4] *I would hold— as our rules clearly require—that the cost-deposit requirements of Rule 1.14 apply to this proceeding for review of a denied workers' compensation claim and would dismiss this proceeding as untimely brought.*

# I

## THE RULES GOVERNING REVIEW PROCEEDINGS FROM "TRIBUNALS OTHER THAN THE DISTRICT COURT" EXPRESSLY REQUIRE COMPLIANCE WITH THE STRICTURES OF RULE 1.14

Rule 1.100(a) states that "[a] decision of the trial judge or of the Workers' Compensation Court en banc may be brought for review to this court in compliance with 85 O.S.1981 § 3.6 and the Rules *in Part III and* III(b)."[5] (Emphasis added.) Part III (Rules 1.75–76) sets out the *general provisions applicable to "appeals from tribunals other than the district court".*[6] Rule 1.76(g) states that unless "specifically provided otherwise ... [t]he appeal shall be regarded as commenced when the requirements of Rule 1.14 shall have been met."[7] Rule 1.14 plainly requires that the *filing of a petition in error shall consist of two acts,* one of which is the *timely delivery* of the petition in error to the clerk and the other the *timely payment* of the statutory cost deposit.[8] The act of *"filing" must occur within the twenty days* prescribed by 85 O.S.Supp.1993 § 3.6[9] and

---

persons who are deemed by it entitled thereto." (Emphasis added.)

3. The pertinent provisions of Rule 1.14, Rules on Perfecting a Civil Appeal, 12 O.S.1991, Ch. 15, App. 2, are:

> "(a) Manner of Commencing Appeal.
> An appeal from a decision of the trial court shall be commenced by:
>
> *   *   *   *   *   *
>
> (2) Remitting to the Clerk of the Supreme Court the cost deposit provided by statute, or if the appellant is an indigent, an affidavit in forma pauperis shall be filed concurrently with the petition in error. 20 O.S.Supp.1986 § 15. * * *."

4. The pertinent terms of Art. 5, § 46, Okl. Const., are:

> "The Legislature shall not ... pass any ... special law ...
>
> *   *   *   *   *   *
>
> Regulating the *practice* ... in judicial proceedings or inquiry before the courts ... or *other tribunals*...." (Emphasis added.)

5. The terms of Rule 1.100(a), Rules on Perfecting a Civil Appeal, 12 O.S.1991, Ch. 15, App. 2, provide in pertinent part:

> "(a) Decisions Reviewable and Time for Their Commencement.
> A decision of the trial judge or of the Workers' Compensation Court en banc may be brought for review to this court *in compliance with* 85 O.S.1981 § 3.6 and the Rules *in Part III and* III(b). The proceeding shall be commenced by filing a petition for review in this court within twenty days after a copy of the adverse decision shall have been sent to the parties affected." (Emphasis added.)

6. Rule 1.75(a), Rules on Perfecting a Civil Appeal, 12 O.S.1991, Ch. 15, App. 2, defines the word "tribunal" in Part III as "any court, agency, board or commission, *other than the district court,* from which an appeal may be brought to this court." (Emphasis added.) The Workers' Compensation Court clearly falls into that category of "tribunal."

7. The pertinent provisions of Rule 1.76(g), Rules on Perfecting a Civil Appeal, 12 O.S.1991, Ch. 15, App. 2, are:

> "Unless *specifically provided otherwise in any subsequent Part of these Rules the following provisions shall apply:*
>
> *   *   *   *   *   *
>
> (g) The appeal shall be regarded as commenced when the requirements of Rule 1.14 shall have been met." (Emphasis added.)

8. The *only* statutory alternative to the timely payment of the cost deposit is the filing of an affidavit *in forma pauperis.* 20 O.S.1991 § 30.4; 12 O.S.1991 § 922; 28 O.S.1991 § 152(C); Rule 1.14, *supra* note 3. *Ingram v. Oneok, Inc.,* Okl., 775 P.2d 810, 812 (1989); *Brown v. Butler,* Okl., 194 Okl. 46, 146 P.2d 1010, 1011 (1944); *Converse v. Berry,* 131 Okl. 188, 268 P. 235, 236 (1928); *Weaver v. Watts,* 53 Okl. 116, 155 P. 514, 515 (1916); *Doan v. State,* 12 Okl.Cr. 98, 152 P. 141 (1915).

9. The pertinent provisions of 85 O.S.Supp.1993 § 3.6(B) are:

> "* * * Any party litigant desiring to appeal directly from such order, decision or award to the Supreme Court, shall, within twenty (20) days after a copy of the order, decision or award. has been sent by the Administrator to

Rule 1.100(a).[10] *Brown v. Butler.*[11] Since *Brown,* the court has *consistently* and *uninterruptedly* followed its teachings.

The governing rules of appellate procedure are clear and unambiguous. Rule 1.101(a) must be read in conjunction with Rules 1.100(a), 1.76(g) and 1.14. The invocation of this court's cognizance in workers' compensation review proceedings is fatally flawed when the petitioner (appellant) fails timely to comply with the Rule 1.14 *cost requirements.* If Rule 1.101(a) were to be read in total isolation from others and construed as dispensing with the rigid cost-payment requirement, its content would be offensive to the plain meaning of the cost statute, 20 O.S.Supp.1993 § 15. The latter applies the cost-payment provisions *to Supreme Court proceedings brought from all courts.* Whenever a court rule contravenes some legislative enactment, the former must yield to the latter. Statutes control over nonconforming rules.[12]

## II

### TODAY'S CONSTRUCTION OF RULE 1.101(a) CREATES A PRACTICE REGIME THAT OFFENDS THE CONSTITUTIONAL MANDATE FOR PROCEDURAL UNIFORMITY

Art. 5, § 46, Okl. Const.,[13] prohibits the passage of "local" or "special" laws regulating judicial procedure or inquiry before the courts, commissioners or other tribunals.[14]

Today's pronouncement violates that provision of § 46.

The exemption of compensation review proceedings from the timely-payment-of-cost requirement imposed by 20 O.S.Supp.1993 § 15 [15] clearly violates the § 46 procedural uniformity mandate. Our own jurisprudence, no less than the Legislature's enactments, *must faithfully conform to the fundamental law's prohibition against non-uniform laws on prohibited subjects.*[16] We cannot by judicial fiat *mandate* a different procedure for compensation review proceedings from that which applies to district court appeals. In short, procedure may not be *dichotomized either by disparate court rules or by this court's pronouncements.*

### SUMMARY

I cannot accede to today's Rule 1.101(a) construction that would allow this court's cognizance in a compensation review proceeding to be invoked by one who failed timely to comply with the statutory cost requirements of 20 O.S.Supp.1993 § 15 and Rule 1.14.

The petitioner sought review of the January 4, 1994 denial of compensation. While his petition was timely filed on the terminal day, January 24, 1994, the cost deposit was not received until the following day—*one day too late.* The tardy remittance of costs is undisputed. We should not treat this petitioner differently from the appellant in

the parties affected, commence an action in the Supreme Court of the state to review such order, decision or award. * * * "

**10.** For the pertinent provisions of Rule 1.100(a), see *supra* note 5.

**11.** *Supra* note 8, 146 P.2d at 1011.

**12.** *Transok Pipe Line Co. v. Darks,* Okl., 515 P.2d 218, 219 (1973); *Fite v. Lacey,* Okl., 691 P.2d 901, 904 (1984); *Arkansas Louisiana Gas Co. v. Travis,* Okl., 682 P.2d 225, 227 (1984); *Matter of Milton H.,* Okl., 614 P.2d 72, 74 (1980).

**13.** For the pertinent terms of Art. 5, § 46, Okl. Const., see *supra* note 4.

**14.** *Maule v. Independent School Dist. No. 9,* Okl., 714 P.2d 198, 203–204 (1986); *Reynolds v. Port-*

*er,* Okl., 760 P.2d 816, 822 (1988); *Great Plains Federal S & L Assn. v. Dabney,* Okl., 846 P.2d 1088, 1095–1096 (1993) (Opala, J., concurring).

**15.** For the pertinent provisions of 20 O.S.Supp. 1993 § 15, see *supra* note 2.

**16.** *Reynolds, supra* note 14, 760 P.2d at 822; although directed to the Legislature, Art. 5, § 46, Okl. Const., *supra* note 4, is no less binding on the courts. Special laws are those which single out less than an entire class of similarly affected persons or things for different treatment. A special law is one that rests on a false or deficient classification. "It creates preference and establishes inequity." *Barrett v. Board of Com'rs of Tulsa County,* 185 Okl. 111, 90 P.2d 442, 446 (1939); *Maule, supra* note 14, 714 P.2d at 203 n. 30; *Dabney, supra* note 14, 846 P.2d at 1096 n. 12.

*Weaver v. Watts.*[17] There, the petition in error was dismissed as untimely because, although two-thirds of the required cost deposit was timely paid, the balance due came to be remitted *after* the expiration of the maximum time for appeal.

I would dismiss this cause as untimely brought.